## Tasin et al. *v.* Bastress, Appellant.

*Promissory notes—Evidence—Case for jury—Contract—Statute of limitations—Statute of frauds—Original undertaking.*

1. In an action founded on a promissory note, a judgment on a verdict for plaintiffs will be sustained, where the evidence for plaintiffs tended to show that defendant had agreed, for a consideration to pay the note in suit, under an agreement by which the defendant undertook to pay certain indebtedness owing by himself and associates to plaintiffs in pursuance of a settlement of a suit brought against defendant by his associates to recover a share of certain profits, and that this indebtedness had never been paid.

2. In such a case where it appears that defendant had agreed, in order to pay the indebtedness, to raise funds by selling certain property belonging to plaintiffs, no cause of action arose until the expiration of a reasonable time within which defendant might carry out the arrangement to sell the property. The statute of limitations therefore did not run against the suit based on the note until that time, although the note by its terms was more than six years due.

3. Where in such case, it appears that the consideration for defendant's promise was the release of plaintiff's claim against him for certain commissions, plaintiffs may sue defendant on one of the notes in question, although not parties thereto, nor to the agreement between defendant and his associates. A contractual relation existed between the parties, defendant's undertaking being an original one, supported by a consideration moving from plaintiffs consisting of the retention of the commissions in defendant's hands.

4. Neither is the agreement within the statute of frauds, inasmuch as defendant, by virtue of the transaction, made the debt his own; hence the case is not one of a mere promise to pay the debt of another.

*Evidence—Written instrument—Parol evidence—Consideration —Contemporaneous parol agreement.*

5. Parol evidence is admissible to show the consideration mentioned in a writing is not the true one.

6. It may be shown by parol evidence that a written release, covering all claims to date, was given as a matter of form under a parol agreement by which the release was to be used for a specific purpose only, and that the consideration mentioned therein was not the true consideration.

7. Where a writing is induced by a contemporaneous parol agreement, subsequently violated, restricting its use for a particular purpose, parol evidence may be introduced to show the true consideration.

Argued May 10, 1920. Appeal, No. 273, Jan. T., 1920, by defendant, from judgment of C. P. Northumberland Co., Sept. T., 1916, No. 240, on verdict for plaintiffs in case of Emanuel Tasin et al. v. John E. Bastress. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit founded on a promissory note for $4,000, dated December 21, 1909, and payable sixty days after date made by L. S. Walter, Emanuel Tasin and others to the order of C. C. Fox. Before O'BOYLE, J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $6,261.66. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting them.

*Voris Auten* and *Andrew A. Leiser,* with them *James Scarlet,* for appellant.

*C. M. Clement,* with him *Geo. B. Reimensnyder,* for appellee.

OPINION BY MR. JUSTICE FRAZER, June 26, 1920:

In 1905, defendant, with L. S. Walter and W. D. Faust, of Mt. Carmel, Pennsylvania, formed a syndicate for the purchase and sale of real estate in Brooklyn, New York. Walter and Faust, claiming defendant received commissions to a large amount which he failed to divide with them, brought suit against him in the State of New York to recover their proportionate share of the profits realized from the business. Subsequently negotiations for the settlement of the claim were begun and, according to testimony on behalf of plaintiffs, the parties finally agreed that Walter and Faust should discontinue the proceedings and defendant would pay certain notes, including one for $4,000, which is the basis of this proceeding, also certain indebtedness of the Kriner Realty Company in which plaintiffs were interested, amounting in all to $39,000, in one of three ways: by placing a mortgage on land of the company located in Brooklyn, New York, or by sale of the property at a price satisfactory to all parties; or by the purchase of the property himself, the proceeds in any case to be applied to the payment of notes and other indebtedness of the company. It was also agreed that defendant should pay plaintiffs' attorney's fees incurred in the New York proceedings. The question of giving a general release was discussed and the conclusion reached that Walter and Faust, for a stated consideration of $2,750, should execute a release to plaintiffs, $1,000 of the amount to be paid to the attorneys and a check drawn by defendant for the balance of $1,750, which latter was subsequently destroyed. Defendant, failing in his efforts to raise money by mortgage, in February, 1911, requested further time to make sale of the property. In April, 1912, he reported having sold the land. This deal, however, was not consummated and as nothing further was done by him toward carrying out his agreement, the present action was instituted on one of the notes he had engaged to pay by the terms of the agreement. An affi-

davit in the nature of a demurrer to the statement of claim was filed, raising questions of law which were decided in favor of plaintiffs and defendant directed to file an affidavit on the merits. The trial resulting in a verdict for plaintiffs, defendant subsequently entered a rule for judgment non obstante veredicto, which rule was discharged and judgment entered on the verdict, from which order this appeal was taken.

The appendix covers nearly one thousand pages and there are eighty-five assignments of error. Many of these are not in proper form, others relate to minor questions not pressed at the argument. The actual merits of the appeal may be disposed of by passing upon comparatively few questions raised under defendant's motion for judgment non obstante veredicto.

With respect to the contention that the trial judge should have directed a verdict for defendant, but little need be said. The facts recited above were sufficient, if believed by the jury—and they evidently were convincing—to justify a verdict for plaintiffs, who were entitled to every inference which might reasonably have been drawn from the testimony adduced. The case was submitted in a charge fairly presenting the contentions of the respective parties, leaving to the jury to say whether the agreement set up by plaintiffs was, in fact, made.

Appellant contends the action was barred by the statute of limitations. This action was commenced June 30, 1916, and is founded on a note dated December 21, 1909, payable sixty days after date. Plaintiffs' right to recover on the obligation is based on the agreement above recited made January 15, 1910, pursuant to which defendant agreed to raise funds, either by mortgaging or disposing of property belonging to the Kriner Realty Company. No time was fixed in the agreement within which the money was required to be obtained; there is, however, evidence that, on February 21, 1911, defendant admitted his unsuccessful efforts to dispose of the property, at the same time stating he believed a sale to

parties in England possible if further time be allowed him to continue his efforts. His request was acceded to and subsequently, on June 16, 1912, he reported an agreement, dated April 26, 1912, to sell the property in question with other properties to the Garrison Land Company, a limited partnership under the laws of England. The deal referred to was never consummated. No cause of action would arise under the agreement referred to with Walter and Faust until the expiration of a reasonable time within which defendant might carry out its terms and effect a sale of the property. The question whether or not the transaction occurred as stated by witnesses for plaintiffs was submitted to the jury under proper instructions. The evidence was sufficient to sustain the view that no cause of action arose until the latter part of 1912, about four years before instituting these proceedings; the action was, consequently, begun well within the statutory period: Smith v. Exchange Bank, 110 Pa. 508.

It is also argued that no contractual relation existed between plaintiffs in the present action and defendant, as plaintiffs were not parties to the notes or to the agreement made by defendant to pay the notes, together with the indebtedness of the Kriner Realty Company. The consideration for defendant's promise, however, was the release of plaintiffs' claim against him for commissions in the New York proceedings. His undertaking was an original one and the consideration received for the undertaking moved from plaintiffs and consisted of the retention of their funds already in his hands, and represented by the commissions alleged to be due plaintiffs in the New York proceedings. The agreement was not a mere promise to pay the debt of another, but the debt represented by the note was made defendant's own, and for his promise he obtained full value. This brings the case within the language of this court in Sweeney v. Houston, 243 Pa. 542, where the exceptions to the rule that a person cannot sue on a contract to which he is not

a party are stated as follows (page 546) : "These excep-
tions include contracts where one person agrees with
another to pay money to a third, or to deliver some
valuable thing, and such third party is the only one in-
terested in the payment or the delivery; or where the
promise to pay the debt of a third person rests upon the
facts that money or property is placed in the hands of
the promisor for that purpose, or where one buys out the
stock of a tradesman and undertakes to take the place,
fill the contracts and pay the debts of the vendor. 'These
cases as well as the case of one who receives money or
property on the promise to pay or deliver to a third
person, are cases in which the third person, although not
a party to the contract, may be fairly said to be a party
to the consideration on which it rests. In good con-
science the title to the money or thing which is the con-
sideration of the promise passes to the beneficiary, and
the promisor is turned in effect into a trustee.' "

Neither is the agreement within the statute of frauds
inasmuch as defendant, by virtue of the transaction,
made the debt his own; hence the case was not one of a
mere promise to pay the debt of another. The with-
drawal of the New York suit was the consideration in-
ducing defendant to promise to pay the notes in question,
accordingly plaintiffs acquired an interest in the mat-
ter which furnished a foundation for his promise: Smith
v. Exchange Bank, supra.

Defendant also relies on the effect of the release given
him under date of February 19, 1910, covering all claims
and rights of action of every kind to that time, in con-
sideration of the sum of $2,750, and argues that parol
evidence, tending to show the consideration mentioned
was not the true consideration, was inadmissible because
it contradicted the writing. It appears that after the
agreement for settlement of the New York proceedings
was made in which defendant agreed to pay counsel
fees of plaintiffs, as well as his own, a question arose as
to the amount to be paid counsel, and defendant, desir-

ing to keep the sum as low as possible, produced the release in question in which the consideration was stated to be $2,750. Of this amount $1,000 was paid to plaintiffs' counsel and a check given for the balance of $1,750, which was subsequently surrendered upon demand of defendant, who declined to carry out his original contract unless the check was returned to him. From the testimony it appears the release was given largely as a matter of form and for the sole purpose of limiting attorney's fees. These facts bring the case within the well known exception to the rule that parol evidence cannot be received to contradict the terms of a written instrument, where the execution of the writing is induced by a contemporaneous parol agreement subsequently violated, restricting its use to a particular purpose. The condition under which the writing here in question was given may be shown by parol, upon the theory that it is as much a fraud to obtain a paper for one purpose and use it for another as to obtain it originally by fraudulent statements: Rearick v. Swinheart, 11 Pa. 233; Phillips Gas & Oil Co. v. Pittsburgh Plate Glass Co., 213 Pa. 183. Furthermore, parol evidence is admissible to show the consideration mentioned in a writing is not, in fact, the true one, the theory being that the expressed consideration, whether large or small, does not usually affect the covenants of the parties, and, consequently, the fact there existed a different or further consideration than that set out in the writing may be orally shown: Jack v. Dougherty, 3 Watts 151; Henry v. Zurflieh, 203 Pa. 440; McCary v. McDermott, 207 Pa. 620. The oral testimony submitted in the present case did not contradict the terms of the release, in fact it supported its provisions to the effect that all rights of action of whatsoever kind were thereby released. The single conflict was in the amount and nature of the consideration, and, as shown above, the testimony was fully competent.

We deem unnecessary a discussion of the other questions raised in the numerous assignments of error and

dismiss them with the statement that an examination of the argument made by appellant in support of them fails to disclose an adequate ground for reversal.

The judgment is affirmed.