MAX CLIPPER, Respondent, v. SAMUEL GOLDSTEIN, Appellant.

First Department, December 18, 1931.

*Herman S. Bachrach* of counsel [*Helen Goldstein* with him on the brief; *H. S. & C. G. Bachrach,* attorneys], for the appellant.

*Milton Kunen* of counsel [*Kaye, McDavitt & Scholer,* attorneys], for the respondent.

MARTIN, J.   The plaintiff seeks to recover the sum of $32,584, with interest, upon the following written guaranty signed by the defendant:

" In consideration of the sum of $1.00 and other good and valuable considerations, I hereby guarantee to Elias Landsberger that no less than the sum of $32,584.00 will be paid to him out of the Nihlus foreclosures; otherwise I am to personally pay him the difference.

" Dated, November 19, 1927.

" (Signed) SAMUEL GOLDSTEIN."

The complaint alleges that the plaintiff, Henry G. Gehring, Elias Landsberger and David Landsberger were clients of defendant, an attorney at law; that the defendant represented to these parties who were associated with the plaintiff that large sums of money could be made as a result of building operations on Long Island; that the plaintiff and his associates were not familiar with the situation, but upon representations made by defendant were induced to invest large sums of money in the construction of ten houses at Elmont, Long Island; that as a result of such investment defendant earned large legal fees; that he managed the entire venture and directed the expenditure of all moneys used therein.

It is further alleged that subsequently the proposition in which the plaintiff and his associates invested their money appeared to be unsuccessful; that the completion of the houses was being delayed and a mortgage which had been placed upon seven of the ten houses was being foreclosed; that Elias Landsberger on behalf of himself and his associates called upon defendant requesting information with regard to the situation; that he stated to the defendant that the plaintiff and his associates desired to terminate their interest in order to avoid further loss; that the defendant stated that no loss would be suffered and urged plaintiff and his associates to advance additional money to complete the building operations; that in order to induce the plaintiff and his associates to retain their interest and advance further moneys, defendant gave to Elias Landsberger the guaranty set forth above; that upon this guaranty,

the plaintiff and his associates advanced large sums of money upon the representation that the sums advanced together with the sums already expended would be returned to plaintiff and his associates; that part of the money advanced after the execution of the guaranty was returned; that the foreclosure of seven of the ten houses, generally referred to as the Nihlus foreclosure, was completed but no part of the sum of $32,584 mentioned in the guaranty was returned to the plaintiff or his associates.

The answer admits the signing of the paper annexed to the complaint, although defendant does not admit that it is a guaranty, and sets up four alleged affirmative defenses.

The first defense in substance is that there was no consideration for the guaranty; the second defense is the Statute of Frauds; the third defense is an alleged defense of payment, and the fourth defense in substance alleges that the obligation of defendant to plaintiff was conditioned upon the completion and sale by plaintiff and his associates of the unfinished buildings, which they refused to complete and permitted to be foreclosed.

Prior to the entry of the orders appealed from, the defendant moved to dismiss the complaint for general insufficiency upon the ground that the agreement referred to in the complaint was not in its entirety nor any sufficient note or memorandum thereof made in writing and subscribed by him. That motion was denied but the defendant failed to appeal from the order entered thereon.

The record also discloses that some of the defenses have been stricken out by two judges. The appeal is from the two orders striking out these defenses.

The first order strikes out the second, third and fourth defenses and was entered on April 10, 1931. The second order, which was entered on April 27, 1931, strikes out the second and fourth defenses. One notice of motion is to strike out the second, third and fourth defenses and the other notice of motion is to strike out the second and fourth defenses.

The second defense alleges that the guaranty is a special promise to answer for the debt, default or miscarriage of another person and that it is void under section 31 of the Personal Property Law, because it was not in its entirety, nor any sufficient note or memorandum thereof made in writing.

We think that might have been pleaded as a defense were it not for the fact that heretofore a motion was made to dismiss the complaint on the same ground and that motion was denied. No appeal having been taken from the order entered thereon, it is the settled law of the case in so far as that defense is concerned, and was, therefore, properly stricken out.

The third defense alleges payment and is properly pleaded. It is contended that the facts showing the payment are not alleged. It is not necessary to plead the facts showing a payment. It has been held that the statement is sufficient that the defendant has paid and satisfied the claims of the plaintiff.

In *Farmers' & Citizens' Bank* v. *Sherman* (33 N. Y. 69) the Court of Appeals said (at p. 79 of its opinion): " The answer alleged payment, and it was competent, under the pleading, to prove that payment had been, in fact, made either in cash or in some other way. If payment be relied on as a defense, it would be bad pleading to allege the evidence of the fact, instead of the fact itself; and when the fact of payment is pleaded, there is no rule requiring the evidence, or a concatenation of evidence, establishing payment, to be alleged in the pleading to render such proof legally admissible. In this case it was not required that the particular facts relied on as amounting to payment, should have been set forth in the answer. It was enough if those facts sustained the plea of payment. If the particulars of the transaction between Pomeroy and the plaintiffs was not sufficiently disclosed by the answer, the plaintiffs' remedy was a motion under the 160th section of the Code."

In *McLaughlin* v. *Webster* (141 N. Y. 76) the Court of Appeals held that in an action to recover an alleged unliquidated indebtedness, the defendant, under a plea of payment, is entitled to give proof of any valid agreement between the parties which would operate to discharge the debt.

In *Uvalde Asphalt Paving Co.* v. *National Trading Co.* (135 App. Div. 391) the court said: " The rule formerly was that under a simple plea of payment, payment in money or its equivalent only could be shown, and that where a claim of payment was based on a special agreement growing out of an independent contract, it was necessary to specially plead the facts, * * * but the rule now seems to be that under a general plea of payment, proof of any agreement between the parties for the payment and discharge of the obligation and of its performance, which according to the agreement of the parties, operated to discharge the debt, may be shown."

The fourth defense was stricken out on the ground that the facts set forth could not be pleaded as a defense to the instrument sued on. While this defense might have been more clearly phrased, we are of opinion that it sufficiently pleads a condition precedent. It alleges in effect that the guaranty or paper was given on condition that certain things should be done by the plaintiff; that the plaintiff neglected to carry out the terms of the contract and released the defendant from carrying out his obligation.

In *Savage Realty Co., Inc.*, v. *Lust* (203 App. Div. 55) the court said: "It is now well settled that parol evidence is admissible to show conditions relative to the delivery or taking effect of a written contract, as that it shall only become effective upon certain conditions or contingencies, for this is not an oral contradiction or variation of the written instrument, but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed."

*Grannis* v. *Stevens* (216 N. Y. 583) is to the same effect. It was there stated: "The manual transfer of an instrument, in form a complete contract, does not, however, bar parol evidence that it is not to become binding until the happening of some condition precedent resting in parol, or that the transfer is for a special purpose. * * * It is a question of fact whether any written agreement, though in possession of the obligee, has been delivered by the obligor as a binding agreement, or whether any delivery that has been made is conditional only."

In *Smith* v. *Dotterweich* (200 N. Y. 299) the Court of Appeals wrote as follows: "When the oral testimony goes directly to the question whether there is a written contract or not, it is always competent; but when the effect of the oral testimony is to establish the existence of a written contract, which it is designed to contradict or change by parol, then the spoken word must yield to the written compact." (See, also, *Thomas* v. *Scutt*, 127 N. Y. 133; *Bernstein* v. *Kritzer*, 253 id. 410.)

It must be borne in mind that we are passing only upon the sufficiency of a defense and not the facts, and that the defense must be established at the trial in order to defeat the plaintiff's claim. The main contention of the respondent is that the defense cannot be established and, therefore, the defendant should not be allowed to plead it to the complaint. We are not dealing with that proposition. Our sole province is to decide whether it is sufficiently pleaded.

The orders should be modified by granting the motion to strike out the second defense only, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.

FINCH, P. J., MERRELL and SHERMAN, JJ., concur; McAVOY, J., dissents.

McAVOY, J. (dissenting). This pleading does not allege in its fourth defense any facts upon which a conditional delivery of the instrument sued upon could be proven.

The completion of the buildings mentioned was a subsequent

condition so far as any allegation of the fourth defense would indicate. Unless the plea shows a delivery of the supposed contract, which is not to be effective at all unless an event happens, there is no sufficient plea of a condition precedent.

Orders modified by granting motion to strike out the second defense only, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.