GERRITY COMPANY, INC., Respondent, v. FIRST TROY CONSTRUCTION CORP. et al., Appellants.— Appeal from a judgment entered upon a directed verdict at a Trial Term, Supreme Court, Albany County. The action is upon a promissory note on which the corporate defendant is the maker and the individual defendants, and two other persons not parties to the action, are endorsers. At the end of the trial the court directed a verdict for plaintiff. Error is claimed in respect of the refusal of the court to admit evidence in support of a contention by the individual defendants that they became endorsers on the note without consideration and upon the representation by plaintiff that their endorsement was intended to be used by plaintiff to obtain the endorsement of other parties to the note and with an agreement with the plaintiff that they would not be personally liable. The other endorsements on the note precede the signatures of the individual defendants and there are no endorsements succeeding those of the individual defendants. Those other endorsements are by William A. Rawick, who had been president of the defendant corporation, and Isabelle Rawick, his wife. Both these individuals had previously become liable to the plaintiff on a prior note for materials sold to the corporate defendant by plaintiff and the note in suit was in substitution for the prior note. An agreement between the individual defendants and Rawick in December, 1953, made in connection with the acquisition by the individual defendants of the stock of the corporate defendant from Rawick, recited that Rawick and his wife were obligated to the plaintiff in approximately the amount of this note. It is altogether incredible that to induce the Rawicks to endorse the note in suit plaintiff made an oral agreement with the individual defendants to relieve them of liability, at complete variance with their formally executed written undertaking and at variance with the obligation of the note. There is a recitation above the signatures of the individual defendants on the note that they endorsed it " at the request of and for the accommodation of the maker "; and a recitation in a formal written contract in pursuance of which the note was delivered, that the note " shall be the joint and several obligation " of the individual defendants. Proof which defendants claim would tend to show that no binding contract was in fact actually made and that not any of the signatories to the agreement intended that the individual defendants should assume any liability upon the notes they had endorsed was properly excluded. Proof also was excluded which, appellants' brief asserts, would tend to show that some part of the building materials, a debt for which formed part of the consideration of the note sued on, were not incorporated in the buildings which the defendant maker had been constructing. In light of the recitation in the agreement that all parties " jointly and severally agree and acknowledge that the said materials were delivered * * * and * * * incorporated in and used in the construction " of the buildings, such proof was properly excluded. We think the defenses are so specious and the proposed testimony so incredible that the direction of the verdict was fully warranted. Judgment affirmed, with costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur; Zeller, J., not voting.