CROMPTON–RICHMOND CO., INC.— FACTORS

v.

E. P. Tatum SMITH, Jr.

Civ. A. No. 33450.

United States District Court
E. D. Pennsylvania.

May 16, 1966.

Leon .S. Forman, Wexler, Mulder & Weisman, Philadelphia, Pa., for plaintiff.

Oliver C. Biddle, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for defendant.

LUONGO, District Judge.

This is a suit by Crompton-Richmond Co., Inc.—Factors (Factors) seeking to recover $25,000 from defendant on a written guarantee which provides:

### "GUARANTEE

For valuable consideration I guarantee to Crompton-Richmond Co., Inc. Factors performance of the factoring agreement between Crompton-Richmond Co., Inc. Factors and C. M. Jones & Company, Inc., Calhoun, Georgia, dated December 7, 1961 and payment of all sums due or to become due by C. M. Jones & Company, Inc. arising out of any transactions whether or not connected with said factoring agreement; waive demand on C. M. Jones & Company, Inc. and notice to or demand upon me and agree that no modification of the agreement or waiver, extension, indulgence or surrender or release of security by Crompton-Rich-

mond Co., Inc. Factors at any time shall release me from any obligations then accrued or thereafter to accrue on this guaranty or any part thereof. Payment of any such sums will be made by me immediately upon demand by Crompton-Richmond Co., Inc. Factors. My obligation under this guaranty is EPTS limited to a maximum amount of $25,000.

s/ E. P. TATUM SMITH, JR.
Tait Smith"

The background of the controversy appears from these undisputed facts in the record:[1]

In December 1961, a factoring agreement was entered into between Factors and C. M. Jones & Company, Inc. (Jones Co.), personally guaranteed by management of Jones Co. In August 1962, defendant and three associates acquired the stock and control of Jones Co. As part of the transfer of ownership and control, defendant and his three associates executed guarantees in the total amount of $100,000 to replace the personal guarantees of former management, defendant's share of the total guarantee being limited to $25,000. At the time of the transfer, Jones Co. was indebted to Factors in a substantial amount. Thereafter, Factors made further loans to Jones Co. for a period of about five months, at the end of which time the amount owing to Factors was substantially higher than at the time of the transfer. In early 1963, an attempt was made by Jones Co. to effect an arrangement with creditors under Chapter XI of the Bankruptcy Act. The arrangement was not consummated, Jones Co. was adjudicated bankrupt and was liquidated. After liquidation, there remained due and owing to Factors an amount far exceeding the limit of defendant's guarantee. Following demand for and refusal of payment, this suit was instituted.

Plaintiff has moved for summary judgment under Rule 56 Fed.R.Civ.P., contending that there are no issues for trial since defendant's record admissions clearly establish his liability for the maximum amount under the written guarantee agreement. Defendant opposes the motion on the ground that the writing set out above was not the entire agreement between the parties. Defendant claims that the written guarantee was subject to a contemporaneous oral agreement imposing two conditions upon the written guarantee: (a) it was not to become effective for a period of one year, and then only if (b) Factors had furnished all necessary financial backing to Jones Co. during that one year period. According to defendant, neither condition was complied with, consequently there was a "failure of consideration" and Factors' rights under the guarantee "never ripened."

■ Factors' motion for judgment is based on the parol evidence rule. Its position is that, assuming arguendo that the contemporaneous oral agreement was in fact made, the parol evidence rule precludes proof of it. Without proof of the alleged contemporaneous oral agreement, there is no genuine issue remaining for trial and Factors is entitled to judgment in its favor. Plaintiff's position is well taken and summary judgment will be entered in its favor.

■ It is not necessary to decide whether the law of Pennsylvania or the law of New York is applicable,[2] since the result is the same under both. The parol evidence rule is a matter of substantive law, not a rule of evidence. O'Brien v. O'Brien, 362 Pa. 66, 66 A.2d 309, 10 A.L.R.2d 714 (1949); Fogelson v. Rackfay Constr. Co., 300 N.Y. 334, 90 N.E.2d 881 (1950). Generally, the rule is that where parties have reduced their agreement to writing, the writing is the sole evidence

---

1. Complaint, answer, plaintiff's answers to defendant's interrogatories, depositions of defendant and of certain officers of plaintiff.

2. The guarantee was executed by defendant in Pennsylvania and received by Factors in New York.

of, and is, the agreement between the parties. The terms of the written agreement cannot be varied by parol evidence in the absence of fraud, accident or mistake. The rule applies if the writing is the entire agreement between the parties. Whether the writing is the entire agreement is a matter to be determined by the court, not by a jury. That determination must be made by examining the writing and comparing it with the alleged oral agreement. If the writing and the oral agreement relate to the same subject matter and if the court concludes that parties, situated as were the contracting parties, would normally have included both in the one agreement, then the subject of the alleged oral agreement must be considered as having been covered by the writing. Gianni v. R. Russell & Co., Inc., 281 Pa. 320, 126 A. 791 (1924); O'Brien v. O'Brien, supra; Fogelson v. Rackfay Constr. Co., supra.

█ In Pennsylvania, where, by clear, precise and convincing evidence, the party seeking to enforce the agreement has admitted that the writing was not the entire agreement between the parties, then parol evidence is admissible to explain and supplement, but not to contradict express provisions of, the writing. Dunn v. Orloff, 420 Pa. 492, 218 A.2d 314 (1966); Boyd's Estate, 394 Pa. 225, 146 A.2d 816 (1958); Allinger v. Melvin, 315 Pa. 298, 172 A. 712 (1934); Universal Film Exchanges, Inc. v. Viking Theatre Corp., 400 Pa. 27, 161 A.2d 610 (1960). The law of New York is not materially different. In Chase Manhattan Bank v. May, 311 F.2d 117 (3d Cir. 1962), cert. denied, 372 U.S. 930, 83 S.Ct. 874, 9 L.Ed.2d 733 (1963), Circuit Judge Hastie, discussing New York law, pointed out that

"The New York decisions applying the parol evidence rule distinguish contemporaneous oral agreements contradictory to a written contract from those which supplement the writing. While the latter may be enforceable, it is clear that the former are not. With Fadex Foreign Trading Corp. v. Crown Steel Corp., 1947, 272 App.Div. 273, 70 N.Y.S.2d 892, aff'd 1948, 297 N.Y. 903, 79 N.E.2d 739, and American Trust Co. v. Sullivan, 1955, 285 App. Div. 1043, 140 N.Y.S.2d 184, aff'd, 1957, 2 N.Y.2d 954, 162 N.Y.S.2d 358, 142 N.E.2d 423, compare Hicks v. Bush, 1962, 10 N.Y.2d 488, 225 N.Y.S. 2d 34, 180 N.E.2d 425. See also Restatement, Contracts § 240, comment b."

I have examined the writing against the background of the circumstances existing when defendant signed the written guarantee. The writing is complete as to the subject it purports to cover. Comparing the writing with the alleged oral agreement, it is obvious that both deal with the same subject, defendant's guarantee of Jones Co.'s obligations to Factors. It is equally obvious that if the alleged oral agreement had been made, parties situated as were defendant and Factors[3] would have included the terms of the alleged oral agreement in the writing, whether the alleged oral agreements were intended as conditions precedent to,[4] or as the consideration for,[5] defendant's guarantee. There is no allegation of fraud, accident or mistake to explain or excuse the omission, consequently the subject of the alleged oral agreement must be considered as having been covered by the writing. I conclude, therefore, that the writing is the complete contract between the parties, the parol

---

3. Factors had substantial loans outstanding with Jones Co. in whose management it apparently had little confidence. As between defendant and Factors the bargaining power under the terms of the guarantee would seem to have favored defendant who, presumably, had free choice to acquire stock in Jones Co. and guarantee its obligations to Factors, or to refrain from doing so. Defendant is admittedly an experienced businessman and it is inconceivable that he would have signed an unconditional written guarantee if it was intended to be conditional.

4, 5. Defendant has indiscriminately argued both.

984

evidence rule is applicable and the terms of the written agreement cannot be varied by parol evidence. United Ref. Co. v. Jenkins, 410 Pa. 126, 189 A.2d 574 (1963); Speier v. Michelson, 303 Pa. 66, 154 A. 127 (1931); Fadex Foreign Trading Corp. v. Crown Steel Corp., 272 App.Div. 273, 70 N.Y.S.2d 892 (1947), aff'd, 297 N.Y. 903, 79 N.E.2d 739 (1948).

■ The parol evidence defendant proposes to offer, and on which he rests his claim that there remains a genuine issue for trial, directly contradicts express terms of the writing. The alleged oral agreement that the guarantee was not to become effective for a period of at least one year flies directly in the face of and contradicts the express provision of the writing that payment by the guarantor is to be made "immediately upon demand." The alleged oral condition that Factors was to furnish all necessary financial backing to Jones Co. for a period of at least one year conflicts with the unqualified guarantee. Such parol contradictions of plain provisions of a written contract are prohibited. Chase Manhattan Bank v. May, supra; Gianni v. R. Russell & Co., Inc., supra.

■ Defendant's effort to introduce this parol evidence in the guise of showing a failure of consideration must fail for the same reasons. Parol evidence may be used to show failure of consideration, but not if it relates to a subject which has been covered by the writing, or if it contradicts an express term of the writing. Caplan v. Saltzman, 407 Pa. 250, 180 A.2d 240 (1962); Jordan v. Sun Life Assur. Co., 366 Pa. 495, 77 A.2d 631 (1951); Cridge's Estate, 289 Pa. 331, 137 A.2d 455 (1927); Tasin v. Bastress, 268 Pa. 85, 110 A. 744 (1920); Fadex Foreign Trading Corp. v. Crown Steel Corp., supra; Gerrity Co., Inc. v. First Troy Constr. Corp., 2 A.D.2d 948, 156 N.Y.S.2d 306 (1956). Cf. Hicks v. Bush, 10 N.Y.2d 488, 225 N.Y.S.2d 34, 180 N.E.2d 425 (1962); Clipper v. Goldstein, 234 App.Div. 85, 254 N.Y.S. 60 (App.Div.1931).

■ Defendant made several other arguments which have been considered and rejected. The point that there is no evidence of reliance by Factors on defendant's guarantee was not stressed in oral argument and seems to be disposed of by Chase Manhattan Bank v. May, supra. The contention that Jones Co. was an indispensible party seems to have been abandoned. In any event it lacks merit and requires no discussion.

Summary judgment will be entered in favor of plaintiff. An appropriate form of order may be submitted upon notice to the defendant.