**FIRST NATIONAL BANK IN DALLAS, Appellant,**

v.

**P. John LOVE et al., Appellees.**

No. 5253.

Court of Civil Appeals of Texas, Eastland.

June 14, 1979.

Rehearing Denied July 12, 1979.

John M. Skrhak, Jr., Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellant.

Dan W. Shieder, Jr., Dallas, Henry W. Simon, Jr., Fort Worth, Thomas A. Melody, Dallas, for appellees.

McCLOUD, Chief Justice.

Plaintiff, First National Bank in Dallas, sued defendants, P. John Love, George Richard Holmes, and Elva J. Gant, as guarantors, pursuant to a written guaranty agreement, of a $50,000 indebtedness owed by a third party, Metroplex Properties, Inc. The three defendants, all officers of Metroplex, executed identical individual guaranty agreements in connection with the $50,000 loan. Metroplex was placed in bankruptcy, and the $50,000 note was not paid. Based on the jury's answer to a single special issue, the trial court rendered judgment relieving the guarantors of any liability. The Bank has appealed. We reverse and render.

The jury found that the Bank, at or prior to the time of the execution of the guaranty agreements, agreed to secure or provide long-term financing which would include the $50,000 note executed by Metroplex. The Bank did not secure or provide "long-term financing," and the trial court found, based upon the jury's verdict, a failure of consideration which induced defendants to enter into the guaranty contracts.

The written guaranty agreements unconditionally provided that guarantors would pay the Bank the "Guaranteed Indebtedness" (limited to $50,000 plus interest and attorney's fees) in the event Metropolex defaulted.

Defendants introduced parol testimony, over the objection of plaintiff, that the Bank agreed to: (1) loan Metroplex $50,000 working capital, (2) loan additional funds needed to complete an unfinished building owned by the Bank following a foreclosure, which was encroaching on Metropolex's property, and which would be sold to Metroplex by the Bank and (3) provide or secure long-term mortgage financing for the loans made. Defendants testified that the parties agreed that after the loans were "wrapped" together in one mortgage, the individual guarantors would be released from the obligations imposed by the guaranty contracts.

■ Plaintiff contends there is no evidence to support the jury's finding because the evidence admitted and relied upon by defendants violated the parol evidence rule. We agree. The questionable evidence is that prior to or contemporaneously with the execution of the guaranty agreements, the Bank agreed to secure or obtain long-term financing sufficient to include the $50,000 loan, and that at such time the defendants would be released from their obligations. The effect of the parol agreement is that defendants would never be liable on the written guaranty agreements, because no liability would attach until the Bank obtained or secured long-term financing, and once this condition was met, the guarantors would be released.

Defendants first argue the extrinsic evidence was admissible as a collateral agreement which was not inconsistent with and did not vary or contradict the express or implied terms or obligations of the written agreements. We disagree. The extrinsic evidence is inconsistent with the unconditional obligation to pay, in the event of default by Metroplex, expressed in the written agreements. *Hubacek v. Ennis State Bank*, 159 Tex. 166, 317 S.W.2d 30 (1958).

■ Next, defendants contend the evidence was admissible under the exception which permits, under certain conditions, extrinsic evidence to show the real consideration for a written agreement. This exception to the parol evidence rule is not applicable when the recited consideration is con-

tractual. The written agreements expressly state:

> WHEREAS, Metroplex Properties, Inc., hereinafter called Borrower, may from time to time become indebted to FIRST NATIONAL BANK IN DALLAS, a national banking association of the City of Dallas, Texas, hereinafter called Bank:
>
> NOW, THEREFORE, for a valuable consideration, receipt of which is hereby acknowledged, the undersigned, hereinafter, whether one or more, called Guarantors, jointly and severally, hereby guarantee to Bank the prompt payment at maturity of the Guaranteed Indebtedness, as that term is herein defined, this guaranty being upon the following terms and conditions: . . .

The instruments recite a contractual consideration, and that consideration cannot be varied or contradicted by extrinsic evidence. The actual lending of funds to Metroplex by the Bank constituted a contractual consideration. In a similar case, *Frank L. Smith Tire Store v. Firestone Tire & Rubber Co.*, 68 S.W.2d 577 (Tex.Civ.App.—Austin 1934, writ ref'd), the guaranty agreement provided that Firestone would extend credit to a third party "from time to time in such amounts and upon such terms of credit as shall, in the judgment" of Firestone be determined to be proper. In a suit by Firestone against the guarantors, they contended there was a failure of consideration because Firestone also orally agreed to establish a warehouse and place the third party in charge. The court held the oral evidence was inadmissible because the recited consideration was contractual and could not be varied or contradicted. On motion for rehearing, the guarantors urged the court erred because under the written agreement the extension of credit to the third party was at the will of Firestone, and therefore, the contract was lacking in mutuality. The court stated that the actual extension of credit by Firestone, while the guaranty agreement was in force and effect, "clearly was a contractual obligation," even though conditioned upon the will both of Firestone and the third party.

The written agreements in the instant case are continuing guaranty agreements and became binding upon the lending of the $50,000 by the Bank to Metroplex. The extrinsic evidence was not admissible. See also: *Kane v. Union State Bank*, 384 S.W.2d 358 (Tex.Civ.App.—Eastland 1964, writ ref'd n. r. e.); *Saunders v. Alamo Soil Conservation District*, 545 S.W.2d 249 (Tex. Civ.App.—San Antonio 1976, writ ref'd n. r. e.); *Crompton-Richmond Co., Inc.—Factors v. Smith*, 253 F.Supp. 980 (E.D.Penn.1966), aff'd 392 F.2d 577 (3 Cir. 1967); 33 A.L.R.2d 961 (1954); 23 Tex.Jur.2d, Evidence § 370; McCormick & Ray, Texas Evidence § 1613 (2d ed. 1956).

The trial court erred in admitting the extrinsic evidence. There is no competent evidence to support the jury's finding.

■ The $50,000 note executed by Metroplex provided for interest at a "fluctuating" rate of 1% per annum "above the base commercial rate of interest. . . ." Plaintiff failed to properly prove its claim for interest.

Judgment is reversed and rendered in favor of plaintiff, First National Bank in Dallas, against defendants, P. John Love, George Richard Holmes, and Elva J. Gant, jointly and severally, for $50,000, the principal amount of the note, plus attorney's fees of $5,000, being the amount of the "Guaranteed Indebtedness" under the guaranty agreements signed by the defendants.