The PEOPLES NATIONAL BANK,
Plaintiff-Appellee,

v.

G. Malcolm BRYANT and WIJO Drilling
Company, a partnership,
Defendants-Appellants.

No. 85–1155.

United States Court of Appeals,
Fifth Circuit.

Oct. 21, 1985.

Michael P. Metcalf, Jamie S. Vandivere, Dumas, Tex., for defendants-appellants.

Steven L. Hoard, Amarillo, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

EDITH HOLLAN JONES, Circuit Judge:

Plaintiff Peoples National Bank brought this diversity suit to recover on two unpaid promissory notes executed by defendants, G. Malcolm Bryant and WIJO Drilling Company. The trial court reversed a jury verdict in defendants favor, based on the parol evidence rule. Because we find that the trial court correctly applied the rule under Texas substantive law, we affirm.

The undisputed facts of this case are substantially restated from the district court's opinion as follows:

On October 19, 1981, WIJO Drilling Company ("WIJO"), a Texas partnership in which defendant Bryant was a partner, purchased a drilling rig from Keno Oil and Gas, Inc. ("Keno"), an Oklahoma corporation. The purchase contract provided for a non-refundable cash deposit of ten percent (10%) of the purchase price ($150,000), with a balance of $1,350,000 represented by a promissory note payable to Keno in 30 days and bearing interest at the rate of 15% per annum. WIJO was unable to obtain long-term financing within the 30-day period of the original promissory note, and the balance of that note was not paid in accordance with that contract's terms. Nonetheless, the parties continued in their efforts to obtain financing for the oil rig purchase.

On January 29, 1982, the parties obtained short-term financing from the plaintiff, The Peoples National Bank of Kingfisher, Oklahoma ("Bank"). WIJO executed a note to the Bank for the balance due on the Keno promissory note payable in 90 days. WIJO then transferred this amount to Keno in satisfaction of the unpaid portion of the purchase price. The bank promissory note was renewed for an additional six months on April 16, 1982, by the execution of two additional promissory notes to the Bank. Throughout this period of time, WIJO continued to seek long-term financing for the oil rig purchase. Permanent financing was never found, and WIJO eventually defaulted on the renewal notes. The Bank commenced this suit to recover on the promissory notes.

At trial, Bryant and WIJO did not deny that the notes had not been repaid nor did they challenge the Bank's computations of the amounts claimed. They did, however, assert the affirmative defense of promissory estoppel to avoid liability on the notes. Specifically, they attempted to prove to the jury that they had executed the Bank notes in reliance upon the "promise" by an officer of the bank that long-term financing could be obtained. Because of this collateral agreement, Bryant and WIJO maintained, they did not have to pay the notes in question unless long-term financing was obtained.

The promissory estoppel defense was submitted to the jury on special issues, which the jury answered in favor of Bryant and WIJO. The Bank filed a motion for judgment notwithstanding the jury's verdict or in the alternative, a new trial. The trial court entered its order granting the motion for judgment n.o.v. and conditionally granted the motion for new trial. Fed. R.Civ.P. 50(b). Judgment was entered in the Bank's favor and against Bryant and WIJO jointly and severally for the total sum of $2,135,651.04 with interest, court costs and foreclosure of certain collateral pledged to secure one of the notes. Bryant and WIJO appeal the reversal of the jury verdict.

The standard for testing the trial court's entry of judgment n.o.v. is set forth in *Boeing v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (en banc):

> [T]he Court should consider all the evidence ... in the light most favorable to the party opposed to the motion. If the facts and inferences point so strongly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the [motion] is proper.

Bryant and WIJO assert that the evidence heard by the jury was such that reasonable persons could have found the facts sufficient to prove that the representative of the Bank had indeed promised to obtain long-term financing for the WIJO oil rig purchase. Their only evidence, however, in support of their affirmative defense was parol evidence, which as a matter of state controlling substantive law in this diversity case, was inadmissible. *Harville Rose Service v. Kellogg Company*, 448 F.2d 1346 (5th Cir.1971), *cert. denied*, 405 U.S. 987, 92 S.Ct. 1248, 31 L.Ed.2d 453 (1972). The rule in Texas on this matter leaves no room for doubt: "[A] negotiable instrument which is clear and express in its terms cannot be varied by parol agreements or representations of a payee that a maker or surety will not be liable thereon." *Town North National Bank v. Broaddus*, 569 S.W.2d 489, 491 (Tex.1978); *Dacus v. Grimes*, 624 S.W.2d 298, 299 (Tex.Civ.App. —Tyler 1982, no writ). The notes contain no agreement concerning the availability of long-term financing. Bryant and WIJO do not contend that the notes are ambiguous or that they executed the notes as a result of any fraud, accident or mistake. Absent such allegations and proof, Bryant and WIJO cannot avoid liability on the notes based on any collateral parol representations made by the Bank. 569 S.W.2d at 492–3. *See also Wilkins v. Bain*, 615 S.W.2d 314, 315 (Tex.Civ.App.—Dallas 1981, no writ).

Virtually the same fact situation was present in *First National Bank v. Love*, 584 S.W.2d 345 (Tex.Civ.App.—Eastland 1979, writ dismd). In *First National*

*Bank*, individual guarantors of a corporate note alleged that the bank had agreed to provide the primary obligor with "long-term financing" to replace the guaranteed note. Evidence of this parol agreement was introduced at trial over the bank's objection, and judgment was entered in favor of the guarantors on the basis that the bank had indeed promised to provide long-term financing. The Court of Appeals reversed the trial court and rendered judgment in the bank's favor, holding that there was no evidence to support the jury's finding because the only evidence concerning the promise violated the parol evidence rule. Bryant and WIJO, nonetheless, argue that the parol evidence rule is inapplicable here because of the trial court's purported failure to rule on the Bank's untimely objection to introduction of this evidence. The record gives no clear cut answer to this contention, but any such ambiguity is of no moment. Inadmissible parol evidence has no probative force whatsoever and cannot support a jury's findings, even if the evidence is admitted without objection. *Wilkins v. Bain, supra.*

Once the parol evidence is excised from the record, all support for the jury's findings with respect to the Bank's alleged promise to acquire long-term financing for the benefit of the defendants collapses. The remaining evidence overwhelmingly supports the reversal of the jury's verdict. Not only did the Bank deny making such a promise, Bryant admitted in his testimony that he never received a verbal or written guarantee of any long-term financing from the Bank. There being no sufficient evidence in the record to create a jury question on the issue of promissory estoppel, we find no error, under the *Boeing v. Shipman* test, in the district court's granting of the judgment notwithstanding the verdict.

AFFIRMED.