STRECKFUS STEAMERS, Inc., v. MAYOR AND ALDERMEN OF CITY OF VICKSBURG, MISS.

No. 7854.

Circuit Court of Appeals, Fifth Circuit.

Jan. 22, 1936.

Rehearing Denied Feb. 21, 1936.

Leo J. Sandmann, of Louisville, Ky., for appellant.

Landman Teller, of Vicksburg, Miss., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Proceeding expressly in admiralty, Streckfus Steamers, Inc., alleging itself to be the owner and operator of river steamers licensed and enrolled under named acts of Congress at St. Louis, Mo., to ply the Mississippi river, a navigable water of the United States, and engaged in conducting river excursions from time to time from cities on the river and return thereto, and especially from Vicksburg, Miss., complains of a city ordinance of that municipality levying, among other taxes, a license tax of "$200 upon each excursion boat taking passengers to and from the City for each day or part of the day." It is alleged that the ordinance is penal and results in taking petitioner's property without due process of law, contrary to the Constitution of the United States; interferes with its license by the United States to ply the river; tends to destroy commerce on this navigable stream; and is void as an intrusion on federal authority and will cause irreparable injury. The sole prayer is for an injunction against the city of Vicksburg, its officers and employees, from collecting the license tax, and a declaration that the ordinance is void and unenforceable. Besides an answer, the city filed a special plea that there was no jurisdiction in admiralty to grant the relief sought, it being purely equitable. A hearing upon agreed facts was had, and the court dismissed the libel without prejudice to the filing of a bill in equity, or the pursuit of a remedy at law by paying the tax and suing to recover it. This appeal followed.

The agreed facts tend to sustain the above-stated allegations of the libel, and show that the excursions in question consist in taking on advertised days persons who board the steamer at Vicksburg on a trip up or down the river and returning them the same day, for their pleasure and the boat owner's profit. The boats have cafeterias, soft drink counters, booths for the selling of trinkets, dancing arrangements and generally ornate fittings, but are not equipped for the ordinary carriage of freight or passengers. The ordinance does not purport to create any lien on the boats in respect of which the tax is levied, but imposes a moderate money penalty on persons liable for failure to pay any of the taxes imposed by it, and makes the "delinquent taxpayer guilty of a misdemeanor." The present ordinance is a repetition of similar ordinances in prior years in respect of which the libelant had litigation with the city, the ordinance being sustained by the Supreme Court of Mississippi. Mayor and Aldermen of Vicksburg v. Streckfus Steamers, Inc., 167 Miss. 856, 150 So. 215; Streckfus Steamers, Inc., v. Kiersky, Assessor (Miss.) 163 So. 830. Pending that litigation excursions were run by libelant under written promise to the city to let the taxes for them abide the decision of the Supreme Court, and a suit is now pending in another court to collect these taxes. No boat or person has been arrested, or so far as appears is threatened with arrest.

The grounds of attack mentioned in the libel were not presented to the Supreme Court of Mississippi. It may be that there is merit in one or more of them. The Mississippi court held there was no interstate commerce involved in the excursions, but it cannot be successfully denied that they are commerce on navigable waters and involve matters in general within the admiralty jurisdiction. London Guarantee & Accident Co. v. Industrial Commission, 279 U.S. 109, 49 S.Ct. 296, 73 L.Ed. 632. State interference with the boats and their crews might be an intrusion on the exclusive admiralty jurisdiction of the federal government. But here the state has not by word or deed assumed to stop the excursions or to seize ship or seamen, but only to lay a tax of questioned validity and to enforce it by an action in which all complaints against it can be urged. The Statehouse has not come down to the wharf, but Admiralty is asked to go up to the Statehouse and take an action for which no precedent has been furnished. The libel was filed February 21, 1934, before the passage of the Declaratory Judgments Act, 48 Stat. 955, Jud.Code, § 274d (28 U.S.C.A. § 400 and note). That act is expressed to be an amendment of the Judicial Code by adding the new legislation (section 274d, 28 U.S. C.A. § 400, and note) after section 274c (28 U.S.C.A. § 399). The mentioned section and those preceding it have no reference to courts of admiralty, but only to suits at law and in equity, and it is at least doubtful whether courts of admiralty are within the new act. But we are excused from de-

ciding that question, as well as the question whether it applies to suits pending at its passage, by libelant's express disclaimer of any appeal to that act and by his resting the case upon the prayer for injunction. That as a sole relief we are clear he is not entitled to in a court of admiralty. "While courts of admiralty have capacity to apply equitable principles in order the better to attain justice, they do not have general equitable jurisdiction and, except in limitation of liability proceedings, they do not issue injunctions." Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 457, 55 S.Ct. 475, 477, 79 L.Ed. 989. Whether in exceptional circumstances an injunction may sometimes issue to secure obedience to orders or decrees in admiralty, we do not inquire. Here injunction is asked as the original and only relief, just as though in a matter affecting navigation a court of admiralty had all the peculiar powers of a court of equity. It has not. Paterson v. Dakin (D.C.) 31 F. 682; Benedict on Admiralty, (5th Ed.), § 70.

 We are aware of no authority for transferring a libel in admiralty to the equity docket. Section 274a of the Judicial Code, 28 U.S.C.A. § 397, refers only to transfers of suits at law and in equity. A transfer is not asked here, but is disclaimed. No allegation is made of a sufficient amount involved to give federal jurisdiction in equity. A court of equity would decline to give relief by injunction because of the plain remedy at law which is available. Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447. The libel was rightly dismissed without prejudice.

Affirmed.