# Jordan, Appellant, *v.* Sun Life Assurance Company of Canada.

496

Argued November 21, 1950. Before DREW, C. J., STEARNE, JONES, LADNER and CHIDSEY, JJ.

reargument refused March 5, 1951.

*Sabato M. Bendiner,* with him *Frank W. Hatfield* and *Busser & Bendiner,* for appellant.

*Francis T. Anderson,* with him *Gray, Anderson, Schaffer & Rome,* for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, January 4, 1951:

In this action in assumpsit we are concerned with an alleged oral agreement between Eugene Jordan, plaintiff, and The Sun Life Assurance Company of Canada., defendant. Plaintiff claims that this agreement was entered into prior to his submitting in writing his resignation as manager of defendant's Philadelphia office. The learned court below entered a nonsuit on the ground that the parol evidence rule prevented proof of the alleged oral contract. From an order refusing to remove the nonsuit, plaintiff brought this appeal.

On July 6, 1923, plaintiff entered into three written agreements with defendant, the first of which provided that in return for plaintiff's services as branch manager, defendant would pay him a salary based on the amount of business handled through his office. The other agreements were supplementary to the first, one providing for a bonus based on the amount of new business for the year and the other providing for a pension upon reaching the age of sixty. Plaintiff served

under these agreements until November 25, 1938. At that time he was called into a meeting with several of defendant's officers and confronted with notes payable to various banks in the sum of $87,500 on which plaintiff was either the primary obligor or was acting as surety for his agents. Plaintiff after some discussion, offered his letter of resignation which stated, in part: "It is my desire that all contracts or supplemental contracts of any nature whatsoever now existing between myself and your company shall be cancelled as of this date." That resignation was accepted by defendant.

Plaintiff's suit is based on an alleged oral agreement which was reached at this meeting prior to his submitting his resignation. He testified that defendant agreed to settle the outstanding debts and also to pay plaintiff a pension as provided under the pension agreement on the same basis as if he had become totally incapacitated. After the written resignation was introduced into evidence a motion to strike the oral testimony was granted as was defendant's motion for nonsuit. It is those rulings which plaintiff here contends were erroneous.

Plaintiff first argues that the terms of the letter apply only to the written contracts and not to the oral agreement. However, the language of the letter that "all contracts . . . *of any nature whatsoever now existing* . . . shall be cancelled" makes unnecessary serious consideration of that point. The narrow construction sought by plaintiff would require a flagrant distortion of the express language of the letter of resignation.

Likewise we may dispose of the contention that the letter of resignation was not a contract because it lacked consideration and therefore, the parol evidence rule is not applicable. Defendant had the right to demand services from plaintiff under his contract as

manager. In accepting his resignation defendant surrendered its right to those services. That was ample consideration for plaintiff's giving up his rights under the contract of employment. That being true, the letter of resignation was a binding contract. See Restatement of Contracts, §406, Comment (a).

Plaintiff also urges that the letter is not the basis of the suit but that it came in collaterally and that in such cases it is not protected by the parol evidence rule. It is unquestionably true that the parol evidence rule does not apply where the writing is collateral to the issue involved and the action is not based on such writing: *Sunseri v. Sunseri,* 358 Pa. 1, 55 A. 2d 370; *Garrison v. Salkind,* 285 Pa. 265, 271, 132 A. 125. But it does not follow from that, that because here plaintiff attempts to sue on an alleged oral contract defendant cannot set up a subsequent writing and invoke the parol evidence rule. In such a case the writing is not collateral to the issue. On the contrary it is directly in issue and constitutes a complete defense to the action. See *O'Brien v. O'Brien,* 362 Pa. 66, 66 A. 2d 309, where it was held that a counterclaim based on an alleged oral agreement should properly be dismissed on preliminary objections raising the parol evidence rule.

Plaintiff next contends that parol evidence is admissible to show that the consideration is different than that expressed in the writing. The rule thus stated does not accurately portray the law of Pennsylvania. Parol evidence of the consideration is only admissible where its admission will not affect or destroy the covenants of the writing: *Cridge's Estate,* 289 Pa. 331, 137 A. 455; *Tasin v. Bastress,* 268 Pa. 85, 110 A. 744. Here, plaintiff is attempting to introduce parol evidence which would completely negate the express terms of the writing and this he cannot do.

This case falls squarely within the rule of *Gianni v. Russell & Co., Inc.,* 281 Pa. 320, 126 A. 791, that

where a writing and an alleged oral agreement pertain to the same subject matter and are so interrelated that both would be executed at the same time and in the same contract, the parol evidence rule excludes evidence of the purported oral agreement in the absence of a showing of fraud, accident or mistake. Plaintiff has neither alleged nor proved fraud, accident or mistake. His efforts have been directed solely to varying the terms of the writing by seeking to show additional promises made by defendant in return for plaintiff's resignation. Since such promises, had they been made, would normally have been integrated in the writing, they cannot be proven by parol. That is especially true where, as here, defendant could have discharged plaintiff on giving him thirty days' notice. It chose instead to allow him to resign and avoid the ignominy of being fired. Under those circumstances it is highly improbable that defendant would have made any such promises as plaintiff here alleges.

Plaintiff has also raised a procedural point. He was cross-examined extensively concerning the letter of resignation but the letter was not introduced in evidence at that time. At the close of plaintiff's case, defendant moved for a non-suit but no action was taken on that motion. Defendant then opened his case by introducing the letter in evidence and renewed his motion for non-suit, which was then granted. The granting of a non-suit after defendant has introduced evidence is a clear violation of the Act of March 11, 1875, P. L. 6, §1[1] and cannot be condoned. However, to grant a

---

[1] That Act provides, inter alia: "Whenever the defendant upon the trial of a cause in any court of common pleas of this commonwealth shall offer no evidence, it shall be lawful for the judge presiding at the trial to order a judgment of nonsuit to be entered if, in his opinion, the plaintiff shall have given no such evidence as in law is sufficient to maintain the action . . ."

new trial in this case where plaintiff is barred by the parol evidence rule from proving his claim would be a useless act and this Court will not make such a vain order. Under the Act of May 20, 1891, P. L. 101, §2, the Supreme Court has the power to enter such judgment as it deems just and proper. Exercising our power under that Act in the present case we shall here enter judgment for defendant.

The order of the court below refusing to remove the non-suit is vacated and judgment is here entered for defendant.