**HALL MOTOR SALES, Inc., a Corporation, Plaintiff,**

v.

**The STUDEBAKER–PACKARD CORPORATION, Defendant.**

**Civ. A. No. 11477.**

United States District Court
W. D. Pennsylvania.

Oct. 25, 1956.

Van Der Voort, Royston, Robb & Leonard, Pittsburgh, Pa., for plaintiff.

Smith, Buchanan, Ingersoll, Rodewald & Eckert, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

On May 21, 1953, the plaintiff commenced an action against the defendant, charging it with conspiring to monopolize in violation of §§ 1–2, of the Sherman Act, 15 U.S.C.A. §§ 1–2, and seeking treble damages under § 4 of the Clayton Act, 15 U.S.C.A. § 15. The complaint alleges that the President of the plaintiff corporation discussed with agents and employees of the defendant the finding of a suitable location at which plaintiff could operate as a dealer of automobiles

manufactured by the defendant, and that 2727 Murray Avenue, Pittsburgh, Pennsylvania, was recommended as a suitable location.

This appeared satisfactory to the plaintiff; however, doubt was expressed by the plaintiff as to whether used cars would be sold at retail at that location in sufficient volume and sufficient prices. The complaint further alleges that defendant's Regional Manager assured the plaintiff that the location was completely suitable, and that the defendant corporation would give the plaintiff effective assistance in the matter of selling used cars, including permission, if necessary, to open a used-car outlet at another location, if the proposed location were unsuitable for selling of used cars. Following this the plaintiff and defendant entered into a franchise agreement in writing.

The complaint then alleges that plaintiff, thereafter, opened a showroom and agency but was unsuccessful in disposing of used cars from its location on Murray Avenue. It found another location for a used-car lot but defendant would not permit the plaintiff to open same at the threat of canceling the franchise and withholding delivery of new cars. Because of this inability to sell used cars, the plaintiff allegedly had to liquidate its business and sustained a loss of capital of $57,000 and a loss of prospective profits of $150,000.

On February 16, 1956, the plaintiff filed an amended complaint in which it seeks to recover damages for the alleged breach of defendant's agreement to give effective assistance to plaintiff in the matter of selling used cars, including permission, if necessary, to open a used-car outlet at another location, and seeks damages in the sum of $207,000 for damages caused by the breach of this agreement. This was a claim in the alternative if the anti-trust action was not sustained. The amendment was allowed by Order of Court on April 5, 1956. Thereafter, the plaintiff filed an answer denying any breach of contract and denied that it had agreed to give assistance to the plaintiff in the reselling of used cars or permission to open a used-car outlet at another location if necessary. Thereafter, defendant moved for judgment on the pleadings on plaintiff's claim for breach of contract on the grounds that plaintiff has failed to state a claim upon which relief would be granted, and in the alternative that should the Court refuse to grant judgment on the pleadings, that the claim for breach of contract and the anti-trust action be separately tried.

The basis for the defendant's motion for judgment on the pleadings is that the Parol Evidence Rule as set forth in the famous case of Gianni v. R. Russell & Co., 1924, 281 Pa. 320, 126 A. 791, prevents the plaintiff from setting up the oral contract as the written contract which the plaintiff refers to in paragraphs 8 and 9 of its complaint is a complete integration and parol evidence is inadmissible. The rule of Gianni v. R. Russell & Co., supra, is also the rule found in the Restatement of Contracts, § 237. The parties agree that the law of Pennsylvania would apply in this case and that the Parol Evidence Rule in Pennsylvania is a rule of substantive law and not merely procedural. Even if the law of Indiana was applied, the parties agree that it is the same as Pennsylvania in this respect.

The plaintiff on the other hand contends that the language in the written contract on which defendant relies which says that the plaintiff "will not change the location of his * * * used-car outlet(s) * * * without prior written consent of the company" could reasonably be interpreted to mean that the defendant would give its consent to plaintiff's opening a used-car lot outside the Squirrel Hill territory if such a lot is reasonably necessary to the successful operation of the plaintiff's new car business. The plaintiff and defendant have focused their arguments on changing of the location of the used-car lot. However, the complaint alleges that the oral promise was to give effective assistance, which included the permission to change the location of the used-car outlet if necessary.

Therefore, it appears to this Court that the primary question is whether the plaintiff is barred by the Parol Evidence Rule from proving an oral promise by the defendant to give it effective assistance in the selling of the used cars.

Neither plaintiff nor defendant has advanced any argument to this Court as to the effect of the Parol Evidence Rule on the actual parol agreement pleaded, but have directed their entire argument to a part of the parol agreement.

There is nothing in the written agreement requiring or dealing with any promise by the defendant to give effective assistance. However, the contract does provide that, " * * * it contains the entire agreement between the parties." Here " * * * they provide in terms that the writing shall be a complete integration of their agreement * * * [and] the expressed intention will be effectuated." Vol. 3, Williston on Contracts, § 633, p. 1820.

Plaintiff does allege that effective assistance includes permission if necessary to open a used-car outlet at another location. However, the written contract provides that the plaintiff "will not change the location of his * * * used-car outlet(s) * * * without prior written consent of the company." This provision of the written contract certainly deals with part of the oral promise that plaintiff relies upon.

■ In order for the Parol Evidence Rule to apply there must be an integration of an agreement into a written contract. Gianni v. R. Russell & Co., 1924, 281 Pa. 320, 126 A. 791; Restatements, Contracts, § 237. It is apparent to the Court from paragraph eight of the complaint that the parties' prior negotiations were reduced to written contracts dealing with passenger cars, commercial cars, and a metropolitan area supplement, copies of which were filed in this Court pursuant to Rule 36 Federal Rules of Civil Procedure, 28 U.S.C.A., and have been admitted as genuine.

■ It appears to this Court that in Pennsylvania the Parol Evidence Rule as set forth in the Restatement of Contracts is the law of Pennsylvania and, accordingly, this Court will follow the position set forth in the Restatement:

" * * * the integration of an agreement makes inoperative to add to or to vary the agreement all contemporaneous oral agreements relating to the same subject-matter; * * * " Restatement of Contracts, § 237.

■ A prior agreement is not invalidated by the subsequent integration relating to the same subject matter, if the agreement is not inconsistent with the integrated contract, and is made for separate consideration, or is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract. Restatement of Contracts § 240. However, the prior agreement here does not appear to this Court to be one which is consistent with the integrated contract and, even if it were consistent with the integrated contract, it was not made for a separate consideration or is it such as might naturally be made by a separate agreement; but to the contrary, it would appear to be one that might be included in the integrated contract.

■■ A prior agreement might be admitted to establish the meaning of the integration when that is required to interpret a contract. Restatement of Contracts § 238. Words which the plaintiff urges need interpretation are the words "without prior written consent."

"The standard of interpretation of an integration, except where it produces an ambiguous result, or is excluded by a rule of law establishing a definite meaning, is the meaning that would be attached to the integration by a reasonably intelligent person acquainted with all operative usages and knowing all the circumstances prior to and contemporaneous with the making of the integration, other than oral statements by the parties of what they intended it to mean." Restatement of Contracts § 230.

434

The plaintiffs urge that the previous negotiations between the parties to the integrated agreement are admissible to show that the agreement has any meaning which is not impossible under the standard stated in § 230. This is the rule adopted in Restatement of Contracts § 242. In interpreting an integrated agreement, Restatement of Contracts § 235 sets forth the rules to aid the application of the standards set forth in § 230, and that is that the ordinary meaning of language throughout the country is given to words unless circumstances show that a different meaning is applicable.

■ Thus, we come to the problem of interpreting the integrated contract. The meaning of the word "consent" does not appear to this Court to be so elusive or difficult as to require or even to permit the Court to look to the prior negotiations to get the meaning of this word, but the Court must follow the rule set forth in § 235 and feels that a reasonably intelligent person would give the words at least their common meaning and "consent" means "voluntary accordance with, or concurrence in, what is done or proposed by another; acquiescence; approval, compliance, permission." Webster's New International Dictionary, 2d Ed. Unabridged, page 568.

■ With this view of the law in mind, it appears to this Court that the parties undoubtedly engaged in long negotiations prior to the formation of the written contract, and that plaintiff was very much concerned with having a used-car outlet. The plaintiff was a man of at least average intelligence and has considerable business experience, as may be seen in the answers to interrogatories filed on May 23, 1956; but he freely executed the franchise agreement and even entered into a supplemental agreement concerning territorial rights in which there was a definite clause concerning a change of location. In it he agreed that he would not change the location of his existing used-car outlet without the prior written consent of the company. If he

was so concerned with having the right to change his used-car outlet if necessary for the successful operation of his business, it seems inconceivable that he would not insist upon such a clause being written into the contract. However, this he failed to do. A fully integrated contract was executed between the parties. It made no mention of the prior oral agreement on which the plaintiff relies. The Parol Evidence Rule will not permit a party to alter, vary, or contradict the terms of a written agreement in the absence of an allegation that a written agreement was entered into by fraud, accident, or mistake. There is no such allegation in the complaint or amended complaint in this case.

"In the absence of any claim of fraud, accident or mistake, the parties having deliberately put their engagements in writing, such writing constituted the agreement between them and its terms cannot be added to or subtracted from by parol evidence. Gianni v. R. Russell & Co., Inc., 281 Pa. 320, 126 A. 791; Speier v. Michelson, 303 Pa. 66, 154 A. 127; Jordan v. Sun Life Assurance Company of Canada, 366 Pa. 495, 77 A. 2d 631; Grubb v. Rockey, 366 Pa. 592, 79 A.2d 255." Mathers v. Roxy Auto Co., 1954, 375 Pa. 640, 644, 101 A.2d 680, 682.

Therefore, this Court cannot permit the plaintiff to alter, vary, or contradict the terms of the written integrated agreement by evidence of the oral agreement. The oral agreement in view of the Parol Evidence Rule is inoperative and could not be the basis of any legal cause of action; and if it did exist, it has been superseded by the written integration and under the law there is no oral agreement. If there is no oral agreement, there obviously could not be a breach of an oral agreement, and there could not be a cause of action for the breach of an agreement that does not exist in law. Accordingly, the defendant's motion for judgment on the pleadings insofar as plaintiff seeks to recover damages for a breach of contract on the oral agreement should be granted.