## Blue Cross Appeal.

Argued September 29, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward L. Springer*, with him *Louis M. Tarasi, Jr., John W. Wishart*, and *Burgwin, Ruffin, Perry & Pohl*, for appellant.

*Frederick A. Boehm*, Assistant City Solicitor, with him *David W. Craig*, City Solicitor, for City of Pittsburgh, appellee.

*James S. Feight*, Staff Counsel, *J. Wesley Oler, William E. Lingelbach, Jr., W. James MacIntosh*, and *Morgan, Lewis & Bockius*, for The Associated Hospital Service of Philadelphia, under Rule 65.

OPINION BY MR. JUSTICE JONES, March 16, 1965:

In 1961, Blue Cross of Western Pennsylvania (Blue Cross), purchased certain realty in Pittsburgh for the purpose of erecting thereon its headquarters building. On April 27, 1961, Blue Cross filed a tax exemption application with the Board of Property

Assessment, Appeals and Review of Allegheny County (Board), requesting the tax exemption of such realty under §8 of the "Nonprofit Hospital Plan Act"[1] (Act) which provides: "Nonprofit corporations, subject to the provisions of this act, are hereby declared to be charitable and benevolent institutions, and all of their funds and investments shall be exempt from taxation by the Commonwealth and its policital subdivisions."

On January 3, 1964, after a hearing, the Board declared this Blue Cross realty exempt from taxation. On January 21, 1964, the City of Pittsburgh (City), pursuing its statutory remedy, appealed to the Court of Common Pleas of Allegheny County,[2] the basis of its appeal being three-fold: (a) that §8 of the Act violates the Pennsylvania Constitution; (b) that §8 of the Act violates the 14th Amendment to the United States Constitution; (c) that Blue Cross is not a "charitable and benevolent" institution exempt from taxation under §8 of the Act.

Blue Cross filed preliminary objections which raised two questions: (1) that the court below had no jurisdiction over the subject matter of this action since the Board possessed no discretionary power but its action was mandated by the provisions of the "Nonprofit Hospital Plan Act"; (2) the City had no standing to appeal. The court below dismissed Blue Cross' preliminary objections and from that order Blue Cross has appealed.

Preliminarily, it must be noted that on this appeal, taken under the Act of 1925 (March 5, 1925, P. L. 23, §1, 12 P.S. §672), our scope of review is limited to a determination whether the court below has jurisdiction: *Seligsohn Appeal*, 410 Pa. 270, 273, 189 A.

---

[1] Act of June 21, 1937, P. L. 1948, §8, 15 P.S. §2851-1308.

[2] Blue Cross and the Commonwealth intervened in this proceeding.

2d 746; *Alpern v. Girard Trust Corn Exchange Bank,* 403 Pa. 391, 170 A. 2d 87.[3] Therefore, the standing or lack of standing on the part of the City to appeal from the Board's action is not presently before us for determination: *Witney v. Lebanon City,* 369 Pa. 308, 311, 312, 85 A. 2d 106.

The thrust of Blue Cross' contention is that, since the City in its appeal from the Board's action questions the *constitutionality* of the Nonprofit Hospital Plan Act, the statutory method of appeal[4] is not available and the court below, therefore, lacked jurisdiction over the subject matter of the action. Such a position is completely untenable both in the posture of this litigation and in view of our case law. An examination of the attack by the City on the tax exemption granted Blue Cross by the Board reveals that the City not only challenges the constitutionality of the statute under which the tax exemption is sought but also the availability of Blue Cross to bring itself within the terms of the statute. The City, inter alia, claims that, (a) Blue Cross is not a "charitable and benevolent" institution within §8 of the statute and (b) even if Blue Cross is such an "institution", only its "funds and investments" as distinguished from the instant realty are exempt from taxation. Clearly, this latter claim is one which can be determined by the method of appeal provided in the statute and for such determination the statutory remedy is adequate.

Moreover, Blue Cross misinterprets our case law in this area. While a court of equity has jurisdiction to restrain the collection of taxes in the event there is

---

[3] *Keleher v. LaSalle College,* 394 Pa. 545, 147 A. 2d 835, and *Jordan v. Sun Life Assurance Co. of Canada,* 366 Pa. 495, 77 A. 2d 631, relied on by Blue Cross, are inapposite.

[4] Act of June 21, 1939, P. L. 626, §4, 72 P.S. §5452.4 providing Board's power and duty and Act of May 22, 1933, P. L. 853, §520, 72 P.S. §5020-520 providing right of appeal from Board's action.

a challenge to the constitutionality of a taxing statute or official action under such statute (*Y.M.C.A. v. Reading,* 402 Pa. 592, 167 A. 2d 469; *Philadelphia Life Insurance Company v. Commonwealth,* 410 Pa. 571, 190 A. 2d 111), yet where there is a remedy provided by statute *which is adequate* for the purpose (Cf. *Philadelphia Life Insurance Company v. Commonwealth,* supra), or where there are challenges other than to the constitutionality of the tax statute, the statutory remedy may and, sometimes, must be resorted to. In the case at bar, where the applicability of the tax exemption to Blue Cross is challenged, there is no reason why the statutory remedy cannot be pursued. That a court of equity might have jurisdiction to pass on the constitutionality of the statute does not deprive the City of its right to resort to the statutory remedy which is adequate nor is the court below deprived of jurisdiction in this class of cases because, inter alia, the validity of the taxing statute may be challenged. Cf. *Independence Township School District Appeal,* 412 Pa. 302, 194 A. 2d 437; *Chevra A.C.A.C. v. Philadelphia,* 116 Pa. Superior Ct. 101, 176 A. 779.

Throughout the argument of Blue Cross one paramount objection to the statutory remedy seems evident, i.e., that under the statutory remedy the burden of proof of the right to a tax exemption would be on Blue Cross. One who seeks an exemption from taxation has the burden of so proving his right, under the statute, to such exemption: *Woods Schools Tax Exemption Case,* 406 Pa. 579, 178 A. 2d 600; *University of Pittsburgh Tax. Exemption Case,* 407 Pa. 416, 180 A. 2d 760. Blue Cross is not an exception to that rule. The Nonprofit Hospital Plan Act does not relieve Blue Cross of the burden of proving that it is a "charitable and benevolent" institution within the tax exemption provisions of the statute or that the instant realty is

within the term "funds and investments" exempt under the statute.

The court below did not determine the constitutionality of the statute but held that Blue Cross and its realty were not within the tax exempt provisions of the statute. The court below had *jurisdiction* to pass on such question.

Order affirmed. Costs to abide the event.

CONCURRING OPINION BY MR. JUSTICE COHEN:

I concur.

While I agree with the result reached by the majority I come to it by a different path. But I shall not repeat at length the discussion in my dissents in *Studio Theaters, Inc. v. Washington,* also decided today, and *Philadelphia Life Insurance Company v. Commonwealth,* 410 Pa. 571, 190 A. 2d 111 (1963). In short, the legislature has provided a complete statutory scheme for the regulation of the exercise of the assessing power in question.[1] The *disposition* of all questions—constitutional or otherwise—(see my dissent in *Philadelphia Life,* supra) arising thereunder should be *confined* to the procedures designated therein if they are adequate to the task and their pursuit will not cause irreparable harm to the complaining party. In my opinion, the procedures provided are adequate and no irreparable harm appears. It is an a fortiori conclusion, therefore, that there is no merit to appellant's proposition that the very forum that the statute designates to deal with the questions arising under it has *no jurisdiction* over those questions. Quite the contrary, it is the only forum that does have jurisdiction.

---

[1] Act of June 21, 1939, P. L. 626, as amended, 72 P.S. §5452.1 et seq.; Act of May 22, 1933, P. L. 853, as amended, 72 P.S. §5020.1 et seq.