**NON-RESIDENT TAXPAYERS ASSO-CIATION, a corporation on behalf of itself, its members and other persons who have been and will be similarly situated in the same class and classes of persons, et al., Plaintiffs,**

**v.**

**The MUNICIPALITY OF PHILADEL-PHIA et al., Defendants.**

**Civ. A. No. 377-71.**

United States District Court, D. New Jersey.

Dec. 29, 1971.

See 92 S.Ct. 2061.

Ballen, Batoff & Laskin, by Lee B. Laskin, Camden, N. J., for plaintiffs.

Orlando & Orlando, by Samuel P. Orlando, Haddonfield, N. J., and Albert J. Persichetti, Deputy City Sol. of Municipality of Philadelphia, of counsel, for defendant Municipality.

DuBois, Maiale & DuBois, by Josiah E. DuBois, Jr., Camden, N. J., J. Shane Creamer, Atty. Gen., of counsel, and Israel Packel, Sp. Asst. Atty. Gen., respectively for defendants Commonwealth and Honorable Milton Shapp, Governor.

Herbert I. Stern, U. S. Atty., by Joseph Audino, Asst. U. S. Atty., Camden, N. J., for defendants United States Government, George Schultz, Director of Office of Management and Budget and John Chafee, Secretary of Navy.

Mario A. Iavicoli, for Speaker of General Assembly of State of New Jersey, Maressa, Console & Iavicoli, Berlin, N. J., amicus curiae.

Before ADAMS, Circuit Judge, and COHEN and KITCHEN, District Judges.

## OPINION

COHEN, District Judge:

Once again, taxes both of the Municipality of Philadelphia and the Commonwealth of Pennsylvania, respectively, are under attack.[1] Presently, we are confronted with a class action by plaintiffs, the Non-Resident Taxpayers Association, a New Jersey corporation, for itself and on behalf of those non-resident wage earners who commute daily to their places of employment in Philadelphia and elsewhere in Pennsylvania. There are additional parties-plaintiff, Fanelli, Nole, Straub, DiFilippo, Candara and Silverstein, employees of the Philadelphia Naval Shipyard, who, as non-residents, sue for themselves and others similarly situated.[2]

Plaintiffs seek to enjoin enforcement against nonresident employees of tax liability imposed pursuant to the Wage and Net Profits Tax Ordinance of the City of Philadelphia enacted December 13, 1939, as amended and codified in Philadelphia, Pa. Code § 19–1500 (1963); also, to enjoin the enforcement of the Pennsylvania State Income Tax, Pa.Stat. Ann. tit. 72, § 7308 et seq. (1971), Act

---

1. *See*: Application of Thompson, 157 F. Supp. 93 (E.D.Pa.1957), aff'd, 258 F.2d 320 (3 Cir. 1958), cert. denied, 358 U.S. 931, 79 S.Ct. 317, 3 L.Ed.2d 303 (1959); Kiker v. City of Philadelphia, 346 Pa. 624, 31 A.2d 289 (1943), cert. denied, 320 U.S. 741, 64 S.Ct. 41, 88 L.Ed. 439 (1943).

2. These purported class actions are brought pursuant to Fed.R.Civ.P. 23.

No. 93, August 31, 1971; [3] urging that these tax laws, as applied to plaintiffs, are unconstitutional or in the alternative, that such taxes should be apportioned, with respect to non-residents, in proportion to the lesser degree of benefits derived by them as contrasted to those enjoyed by residents employed in Philadelphia and Pennsylvania. Plaintiffs also seek to enjoin enforcement of the Executive Regulations of the United States Naval Shipyard, Circular No. A–38 which authorizes the submission of W–2 and 1099 wage forms of federal employees to the Municipality of Philadelphia, and Naval Joint Instruction 12750.213 which provides for disciplinary action against employees for failure to honor just debts.

Jurisdiction is invoked on six bases: (1) the alleged diversity of citizenship coupled with jurisdictional amount (28 U.S.C. § 1332); (2) the existence of a federal question (28 U.S.C. § 1331); (3) the deprivation of civil rights under color of law in violation of the Civil Rights Act of 1964 (28 U.S.C. § 1343); the existence of an action arising under Executive Regulations involving amounts less than $10,000 (28 U.S.C. § 1346(a)(2)); (5) the Declaratory Judgment Act (28 U.S.C. § 2201); and (6) the power of a three-judge district court to enjoin the enforcement of a state statute (28 U.S.C. §§ 2281, 2284).

The defendants, the Commonwealth of Pennsylvania and the Honorable Milton Shapp, its Governor, move for a dissolution of this three-judge court and for a dismissal of the complaint, contending that personal jurisdiction is lacking; that a statutory prohibition bars the injunction of state taxes (28 U.S.C. § 1341); that the complaint fails to state a claim upon which relief can be granted; and that improper venue is laid.

■■ We will treat that which is considered to be the dispositive issue, namely, whether 28 U.S.C. § 1341, the Johnson Act bars injunctive relief. The Johnson Act provides that:

> "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

That statute applies as well to three-judge district courts convened pursuant to 28 U.S.C. § 2284.[4] Alterman Transport Lines Inc. v. Public Service Comm. of Tennessee, 259 F.Supp. 486 (M.D. Tenn.1966), aff'd, 386 U.S. 262, 87 S.Ct. 1023, 18 L.Ed.2d 39 (1967).

In seeking to avoid the application of the Johnson Act, *supra,* plaintiffs argue that they seek to limit the source from which the tax may be collected, rather than to enjoin its operation; in this regard they rely upon Director of Revenue, State of Colorado v. United States, 392 F.2d 307 (10 Cir. 1968). Plaintiffs distort the "source of tax" concept as employed in *Colorado.* There, a determination was made with respect to a priority of tax liens between the United States and Colorado. In *Colorado* it was held that the Johnson Act was inapplicable because the United States merely sought to have the Colorado tax subordinated to its prior valid lien, and not indefinitely to suspend its collection. Here, there is no question of priority of tax liens on

---

3. The Personal Income Tax provided by Article III of the Tax Reform Code of 1971, adopted March 4, 1971, Act No. 2, Pa.Stat.Ann. tit. 72, § 7101 et seq., originally challenged in the Complaint filed March 15, 1971, was declared unconstitutional by the Supreme Court of Pennsylvania in Amidon v. Kane, 444 Pa. 38, 279 A.2d 53 (1971). Pursuant to this decision, the Pennsylvania State Income Tax was reenacted on August 31, 1971, Act No. 93, Pa.Stat.Ann. tit. 72, § 7101 et seq. At oral argument all parties, with the approval of the Court, agreed to treat the Complaint as if amended to attack the reenactment.

4. 28 U.S.C. § 2281 provides that no injunction restraining the enforcement of any State statute or action pursuant thereto shall be granted by any district court or judge thereof upon the ground of unconstitutionality, unless the application is heard and determined by a district court of three judges.

property. Instead, the plaintiff-taxpayers seek permanently to exempt themselves from the reach of tax liability. They do not seek temporarily to confine the collection of taxes to a particular physical property as in *Colorado*. The approach which they do urge would amount to an impermissible circumvention of the Johnson Act.

■ Since we hold that the Johnson Act is applicable, we must now determine if Pennsylvania provides a "plain, speedy and efficient remedy" which is the exception provided under this statute. A "plain, speedy and efficient remedy" is afforded to the plaintiffs under Pennsylvania law. *See* Pa.Stat.Ann. tit. 72 §§ 503(a) (4) (1957) and 7341 (1971). One need only file a petition with the Board of Finance and Review from which judicial review lies. Pa.Stat.Ann. tit. 72 § 7342 (1971). Actions, either for refund of a tax paid, or in defense of one for collection, are cognizable in local law courts. Appeal of City of Pittsburgh, 416 Pa. 574, 209 A.2d 799 (1965); Philadelphia Life Insur. Co. v. Commonwealth, 410 Pa. 571, 190 A.2d 111 (1963).[5]

Plaintiffs contend that the inhibitory mandate of the anti-injunction provisions of the Johnson Act, *supra*, is not binding upon this Court because the alleged speedy and efficient remedy asserted by the Commonwealth is illusory at best by reason of the Pennsylvania Supreme Court's decision in Kiker v. City of Philadelphia, 346 Pa. 624, 31 A.2d 289, cert. denied, 320 U.S. 741, 64 S.Ct. 41, 88 L. Ed. 439 (1943), and by the federal case of Application of Thompson, 157 F.Supp. 93 (E.D.Pa.1957), aff'd, 258 F.2d 320 (3 Cir. 1958), cert. denied, 358 U.S. 931, 79 S.Ct. 317, 3 L.Ed.2d 303 (1959), which, in effect, would render such a pursuit for taxpayer relief entirely futile.

Plaintiffs' reliance upon *Kiker* and *Thompson*, in support of their futility argument, is misplaced. Those cases

dealt with the Philadelphia Wage Tax, not the Pennsylvania Income Tax and, accordingly, are inapposite.

Obviously, plaintiffs consider themselves shuttled between state and federal courts. We are not unmindful of the plight in which they find themselves. It should be borne in mind, however, that the Pennsylvania Income Tax, as originally adopted on March 4, 1971, was successfully challenged in Amidon v. Kane, 444 Pa. 38, 279 A.2d 53 (1971) wherein the Supreme Court of Pennsylvania declared such Tax Act unconstitutional. That holding occasioned the enactment of a new Income Tax Act on August 31, 1971, and is the Act presently under attack; it stands unchallenged in the Commonwealth courts. Consequently, the remedies afforded by the Commonwealth are still available to an aggrieved taxpayer. Such remedies, which the plaintiffs must pursue, oust the jurisdiction of this Court.

■■ Although the complaint alleges that the Declaratory Judgment Act and the statutes requiring a three-judge court are jurisdictional, they are not. Independent jurisdictional requisites must be met in order to proceed under these statutes. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Jacobs v. Tawes, 250 F.2d 611 (4 Cir. 1957). Furthermore, where injunctive relief is unavailable in this field, as in the present instance, a declaratory judgment may not be used in an effort to attain the same result. Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 300–301, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); Hillsborough v. Cromwell, 326 U.S. 620, 622, 623, 66 S.Ct. 445, 90 L.Ed. 358 (1946); Perez v. Ledesman, 401 U.S. 82, 127–128 n. 17, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971) (Brennan, J. concurring in part and dissenting in part).

■ Turning to the motion by the Municipality of Philadelphia, and its Tax

---

5. To like effect, see Corbett v. Printers & Publishers Corp., Ltd., 127 F.2d 195 (9 Cir. 1942); Streckfus Steamers, Inc. v. City of Vicksburg, Miss., 81 F.2d 298 (5 Cir. 1936).

Collector, to dissolve this three-judge court and to dismiss the complaint, we are confined to a narrow determination of whether this court has jurisdiction to relieve non-resident taxpayers from paying the Philadelphia Wage and Net Profits Tax by declaring it unconstitutional as to them and limiting its collection to resident taxpayers.

Although this tax ordinance was adopted pursuant to the authority granted to first-class cities in the Commonwealth, Pa.Stat.Ann. tit. 53 § 15971 (1961),[6] no challenge is directed to this enabling statute. We are simply confronted with a challenge to a municipal ordinance of general application within the Municipality of Philadelphia, as distinguished from a tax statute of statewide application representing Commonwealth policy. The Supreme Court has consistently construed 28 U.S.C. 2281 (1964) as to require three-judge courts not merely when a state statute is involved, but only when a state statute of general and statewide application is sought to be enjoined. Moody v. Flowers, 387 U.S. 97, 101, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967). "Statute" in § 2281 does not encompass "local ordinance." The Philadelphia Wage Tax is a local ordinance. The question of its constitutionality, accordingly, is for a one-judge court.

Finally, the United States Government and its officers have also moved to dismiss the complaint. This Court is of the opinion that it would be improper to assume jurisdiction in order to determine that motion. Attacks on administrative regulations and orders, such as the Naval Joint Instruction and Circular A–38, do not require the special statutory tribunal provided by 28 U.S.C. § 2282. No interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress is sought. William Jameson & Co. v. Morgenthau, 307 U.S. 171, 59 S.Ct. 804, 83 L.Ed. 1189 (1939).

Consequently, these motions are not properly within the jurisdiction of this three-judge court and will be referred to the initiating district judge for disposition.

In accordance with the views expressed herein, an appropriate order shall be entered herewith by the Court providing for dissolution of this three-judge court, for a dismissal of the complaint as against the defendants, Commonwealth of Pennsylvania and its Governor, the Honorable Milton Shapp, and for a referral to the initiating judge for disposition of the remaining motions.

---

6. This enabling legislation was originally enacted as P.L. 45 § 1 (1932) and is known as the Sterling Act.