548

Board of Assessment Appeals of Luzerne County, Appellant, *v.* Hospital Service Association of Northeastern Pennsylvania, Incorporated, Appellee.

Argued October 8, 1974, before Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN and Judge KRAMER did not participate.

*Joseph A. Quinn, Jr.*, with him *Patrick E. Dougherty*, for appellant.

*Frank Townend*, with him *Richard W. Harris*, for appellee.

OPINION BY JUDGE WILKINSON, November 8, 1974:

Appellee, Hospital Service Association of Northeastern Pennsylvania, Incorporated (sometimes referred to as Blue Cross), was incorporated on September 7, 1938, as a nonprofit corporation by decree of the Court of Common Pleas of Luzerne County. At that time, Section 8 of the Nonprofit Hospital Plan Act, Act of June 21, 1937, P. L. 1948, 40 P.S. §1408,[1] provided: "Nonprofit corporations, subject to the provisions of this act, are hereby declared to be charitable and benevolent institutions, and all of their funds and investments shall be exempt from taxation by the Commonwealth and its political subdivisions."

Substantially the same provision is contained in Section 6103(b) of the Health Plan Corporations Act, 40 Pa. C.S. §6103(b). Appellee acquired a 10-story home office building in Wilkes-Barre, Pennsylvania, on November 1, 1960, at a cost of $324,607.97. Part of the building was rented and part was occupied by appellee. That part occupied by appellee enjoyed tax exemption until 1969. In 1969, the appellee was notified that the 37% of the value of the property that had previously been exempt was being transferred to the taxable rolls. An appeal was timely filed to the Luzerne County Board of Assessment Appeals. After delays apparently occa-

---

[1] Repealed by the Health Plan Corporations Act, Act of November 15, 1972, P. L. 1063, 40 Pa. C.S. §6101 et seq. (Supp. 1974-1975).

sioned by awaiting the result of another appeal by appellee from the same property being removed from the exempt rolls by the city of Wilkes-Barre (which appeal was decided in appellee's favor by Judge HOURIGAN on April 28, 1972), the Board of Assessment Appeals denied appellee's appeal on January 18, 1973. This action left the property on the taxable rolls of the county for the years 1969 through 1973.

An appeal was timely filed to the Court of Common Pleas of Luzerne County where it was stipulated that the testimony taken in the appeal from the assessment of the city of Wilkes-Barre would be part of this record, and additional testimony was taken before President Judge BROMINSKI. President Judge BROMINSKI found that appellee did qualify for charitable exemption and adopted the opinion of Judge HOURIGAN. Exceptions were filed and dismissed by President Judge BROMINSKI speaking for a unanimous six-judge court en banc.

*Blue Cross Appeal,* 416 Pa. 574, 209 A. 2d 799 (1965), decided that the proper procedure for a corporation which enjoys the benefits of the Nonprofit Hospital Plan Act of 1937, to contest the removal of its real estate from the tax exempt rolls is the procedure used in this case. The able opinion of Chief Justice JONES (then Justice JONES) states, necessarily as dicta, that the burden is on the appellee, as with all other taxables claiming exemption, to prove its entitlement to the exemption as a nonprofit corporation properly subject to the provisions of the Nonprofit Hospital Plan Act of 1937, so as to be a charitable and benevolent institution. The lower court in this case gave this language a broader interpretation than it might deserve by stating: "However, the court in Blue Cross Appeal (supra) indicated that Blue Cross must prove that it is in fact charitable, and the question is whether Blue Cross has sustained its burden of showing that it is a purely public charity or a benevolent or charitable institu-

tion, and as such, is entitled to a tax exemption." This loses sight of the well-founded principle that once appellee proves itself under the umbrella of the Nonprofit Hospital Plan Act of 1937, thereby being a legislatively determined charitable organization, it enjoys the benefits of the presumption that Acts of Assembly are constitutional, and the burden is on the taxing authority to establish otherwise. However, that question need not be resolved by us in this case, for the lower court has found, with ample support in the record, that appellee has met the burden of proving it is a purely public charity within the provisions of Section 204 of the General County Assessment Law, Act of May 22, 1933, P. L. 853, *as amended*, 72 P.S. §5020-204 (Supp. 1974-1975), and the Constitution of Pennsylvania, Article VIII, Section 2(a).

The general principles of law applicable to a determination of whether a taxable qualifies for exemption as a purely public charity have recently been ably set forth and discussed by Judge KRAMER in *Board of Revision of Taxes of Philadelphia v. United Fund of the Philadelphia Area*, 11 Pa. Commonwealth Ct. 201, 314 A. 2d 530 (1973), making it unnecessary to repeat them here. It is sufficient to note that Judge KRAMER'S opinion amply supports the position of the court below.

We quote from Judge HOURIGAN'S opinion, adopted by President Judge BROMINSKI:

"In the Four Freedoms House of Philadelphia, Inc. v. Philadelphia, 443 Pa. 215 (1971), the Supreme Court found that a nonprofit corporation created by labor unions to provide low cost housing for the aging, was entitled to tax exemptions even though the rents charged by the management corporation covered the entire cost of operation. The court determined that the home itself has never in any year realized a profit, and even more, no profit, if there were any, would go to an individual or to a corporation operating for private profit.

They found that even though each tenant made a fractional payment of the operational expenses, it should not eliminate appellant's tax exempt status.

"Appellant herein is a nonprofit corporation created out of the need of local hospitals to have a nonprofit voluntary hospitalization plan. The subscribers of the service do pay dues. There is no private profit or gain realized out of the operation.

"The purpose is to provide protection in the event of an unexpected illness entailing hospital costs and expenses. The cost and the dues charged by appellant are lower than the cost of similar coverage, if, in fact, there is identical coverage by commercial insurance companies.

"Blue Cross is open to any member of the public regardless of race, sex, creed or color who desires to become a dues paying subscriber. Payment of dues is the only prerequisite of membership. In fact, over 50% of the residents of Wilkes-Barre do belong.

"We therefore hold that Blue Cross does qualify for and is entitled to a tax exemption for that portion of its building occupied and used for its corporate purposes."

A review of the record more than amply supports our conclusion that the lower court did not commit an error of law in sustaining the appeal.

Affirmed.