**Debora L. BUCCI**

v.

**APPLIED BUSINESS CONTROLS, INC. and David Robbins and Herbert Mace and the Borough of Norristown and Norristown Area School District.**

**Civ. A. No. 84–1006.**

United States District Court, E.D. Pennsylvania.

Dec. 28, 1984.

George M. Painter, III, King of Prussia, Pa., for plaintiff.

Philip R. Detwiler, Sol. Norristown Area School Dist., Blue Bell, Pa., for defendant Norristown Area School Dist.

Carl D. Buchholz, III, Rawle & Henderson, Philadelphia, Pa., for defendants Applied Business Controls, Inc., David Robbins and Herbert Mace.

John O'Rourke, Norristown, Pa., for defendant Borough of Norristown.

## MEMORANDUM AND ORDER

KATZ, District Judge.

This action for damages under 42 U.S.C. § 1983 challenges the constitutionality of procedures defendants used to collect taxes allegedly owed by the plaintiff under an earned income tax levied by the Norristown Area School District and the Borough of Norristown. On August 22, 1984, this Court denied defendants' Motions to Dismiss finding the record at that time insufficient to resolve whether the action was barred by the Supreme Court's decision in *Fair Assessment in Real Estate, Inc. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981).[1] Following completion of discovery, defendants made Motions for Summary Judgment. At a hearing held on December 27, 1984, all parties agreed that there are no material issues of fact in dispute. I find that this Court must dismiss plaintiff's claim under the dictates of the *Fair Assessment* case and the Tax Injunction Act.

The undisputed facts in this case show that defendants Borough of Norristown and Norristown Area School District adopted a one percent earned income tax

---

1. In addition this Court noted that the record was insufficient to resolve any issues of good faith or harrassment. *Cf. Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1983). Upon review of the record now before this Court, I find that plaintiff has failed to raise any genuine issue of fact as to good faith or harrassment.

on May 19, 1970. Thereafter the Borough and School District contracted with defendant, Applied Business Controls, Inc. to serve as their earned income tax collector. Defendants Herbert Mace and David Robbins are employees of Applied Business Controls, Inc. Following a dispute over the plaintiff's tax liability, defendant Mace, on behalf of Applied Business Controls, issued a wage attachment against plaintiff's wages pursuant to 53 P.S. § 6919. The amount of tax collected as a result of this attachment was $1,358.96. Challenging the collection procedures of the defendants as violative of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, plaintiff seeks compensatory and punitive damages, a declaratory judgment of her right to be free of the defendants' acts, and an injunction against further wage attachments.

Plaintiff's requests for an injunction and a declaratory judgment are barred by the Tax Injunction Act[2], unless she can show that she has no "plain, speedy, and efficient remedy" in the courts of the State of Pennsylvania. *See California v. Grace Brethren Church,* 457 U.S. 393, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982); *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981). Likewise, plaintiffs claim for damages is barred by *Fair Assessment in Real Estate, Inc. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981) unless plaintiff can show that State remedies are not "plain, adequate and complete." 454 U.S. at 114, 102 S.Ct. at 185. *See also Sipe v. Amerada Hess Corp.,* 689 F.2d 396 (3d Cir. 1982) (challenge to state unemployment withholding statute); *Sappington v. Commonwealth of Pennsylvania,* 535 F.Supp. 429 (E.D.Pa.1982) (challenge to state sales tax).

The inquiry into whether a state remedy is "plain, adequate, and complete" is governed by the same standards as the inquiry into whether the remedy is "plain, speedy, and efficient." *See Fair Assess-*

*ment,* 454 U.S. at 116, n. 8, 102 S.Ct. at 186. "[A] state-court remedy is 'plain, speedy and efficient' only if it 'provides the taxpayer with a full hearing and judicial determination at which she may raise any and all constitutional objections to the tax.'" *California v. Grace Brethren Church,* 457 U.S. at 411, 102 S.Ct. at 2509.

There are several methods by which the plaintiff may challenge local taxing practices under Pennsylvania law. Under 72 P.S. § 5566b a taxpayer who has paid or been caused to pay her tax may file a claim for a refund. If the taxing authority refuses or fails to refund said taxes, the taxpayer may institute an action in assumpsit in the Court of Common Pleas. *See* 72 P.S. § 5566c. Similar state remedies have been found to meet the requirements of both the *Fair Assessment* case and the Tax Injunction Act. *See California v. Grace Brethren Church,* 457 U.S. 393, 102 S.Ct. 2498 (1982); *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 101 S.Ct. 1221 (1981); *Kimmey v. H.A. Berkheimer, Inc.,* 376 F.Supp. 49, 54–56 (E.D.Pa.1974), *aff'd.,* 511 F.2d 1394 (3d Cir.1975). Furthermore, taxpayers challenging the constitutionality of state taxation practices may, in some circumstances, seek equitable relief in state courts. *See Cedarbrook Realty, Inc. v. Nahill,* 484 Pa. 441, 446, 399 A.2d 374 (1979); *In re Blue Cross Appeal,* 416 Pa. 574, 577–78, 209 A.2d 799 (1965).

Since plaintiff has raised no genuine issue of fact contesting that the state remedies are both "plain, speedy, and efficient" and "plain, adequate and complete," plaintiff's damages claim is barred by the *Fair Assessment* case and her plea for injunctive and declaratory relief is barred by the Tax Injunction Act. Therefore, plaintiff's complaint is dismissed.

---

**2.** Title 28, Section 1341 of the United States Code provides as follows:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."