## Beshero v. Lawrence Co. Delinquent Tax Claim Bureau

*Marvin A. Fein and Cathy M. Brentzel,* for plaintiff.

*John W. Hodge,* for defendant.

CAIAZZA, *J.,* September 12, 1986—The court has before it a petition to stay delinquent tax claim sale. Petitioner, a partner in R.M.B. Realty Company, [R.M.B.] seeks to stop the disposition of two pieces of property, owned by R.M.B., by delinquent tax sale. The property is marked as Claim numbers 226 and 227 and is scheduled for sale on September 30, 1986 at 10:00 a.m. pursuant to the Real Estate Tax Sale Law of 1947, [Tax Sale Law], Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§5860.101-5860.803. Respondent is the Lawrence County Delinquent Tax Claim Bureau, the government agency created and empowered by the Tax Sale Law to effectuate the delinquent tax sale. Id., section 5860.201 and section 5860.601.

A further recitation of the facts in this case is unnecessary except to note that petitioner does not challenge in this action the validity of the tax assessed, the method of assessment, nor the amount of assessment. In fact the only mention of the tax in the petition is found at Paragraph 6 where petitioner alleges the failure to pay the taxes was part of a scheme to defraud him. By this statement petitioner openly admits the delinquence in payment of the taxes, and tacitly admits the validity of the tax, the assessment and the amount.[1]

---

1. In oral argument, neither the petitioner nor the respondent could state with certainty the exact amount owed in taxes, further suggesting that the tax itself is not in issue here.

Given the nature of the relief sought by petitioner, viz., that the delinquent tax sale be stayed, we must first ascertain whether the court possesses the necessary equitable powers under these circumstances. We conclude that it does not, and therefore the petition must be denied. In reaching this conclusion we first note that, at its core, the matter before us is bottomed upon a request to stay the collection of taxes. Because the sole purpose of the sale is to collect delinquent taxes, by staying the sale we, in fact, would be staying the collection of taxes.

Our Supreme Court has observed as an issue "decided too frequently to be longer in doubt," that the court of common pleas may, via its equitable powers, enjoin an administrative agency if the agency is acting without authority or if its purported authority is constitutionally defective, Bell Telephone Co. v. Driscoll, 343 Pa. 109, 112, 21 A.2d 912, 914 (1941), and, more specifically related to the issue before us today, that "[i]t is too well settled for argument that equity will enjoin taxation for want of power to tax." Jamison Coal and Coke Co. v. Union Township School District, 362 Pa. 389, 392, 66 A.2d 759, 760 (1949). On both of these points, see Philadelphia Life Insurance Co. v. Commonwealth, 410 Pa. 571, 190, A.2d 111 (1963). But, the question to be answered is whether an excession of authority by the taxing agency is the only scenario requiring equitable intervention. In fact, in Blue Cross Appeal, 416 Pa. 574, 209 A.2d 799 (1965), the Pennsylvania Supreme Court found that, in spite of a constitutional challenge, the existence of an adequate statutory remedy would block recourse to equity. Id. at 578, 209 A.2d at 801. Consequently, when the authority of an agency to act is challenged, the court may still lack the power to invoke its equitable jurisdiction. Significantly, the court in Blue Cross stated that

"where there are challenges *other than* to the constitutionality of the tax statute, the statutory remedy may and, sometimes, must be resorted to." Id. (Emphasis supplied.) Finally, in Cedarbrook Realty, Inc. v. Nahill, 484 Pa. 441, 399 A.2d 374 (1979), our Supreme Court concluded that "[n]ormally, equity has no jurisdiction to restrain the collection of taxes and the parties should be made to seek the statutorily prescribed remedies." Id. at 446, 339 A.2d at 376.

When a party seeks to stay the collection of taxes, relief can be granted in only narrowly bounded circumstances. Do the facts presented to us by petitioner fit within these parameters? If petitioner is challenging the constitutionality of the tax, or the adequacy of the statutory remedy, the court may have the power to grant the requested relief. However, we find nothing in the petition, nor was anything raised at oral argument, to lead the court to believe that the petitioner harbors any dissatisfaction with the statute, or the actions of the agency which are the secondary cause of his present conundrum.[2] As we noted in our factual resume of

---

2. We note here that the petitioner would have difficulty at this point mounting a challenge to the adequacy of his statutory remedies as there is no evidence before the court to suggest he ever attempted to avail himself of them. One remedy available to the petitioner under the Tax Sale Law would have been an agreement with the Tax Claim Bureau to stay the sale. 72 P.S. §5860.603. But his apparent failure to request such an agreement would deny him standing to attack this remedy as inadequate.

Appeal of Quality Home Improvement Co., 74 Pa. Commw. 39, 44, 458 A.2d 1074, 1076-77 (1983). Another remedy available to the petitioner would have been a direct attack on the tax itself under 72 P.S. §5860.314. This remedy has been held to be exclusive, thus denying the courts equitable powers if the remedy has been ignored. Commonwealth, Pennsylvania Game Commission v. Luzerne County Tax Claim Bureau, 66 Pa. Commw. 20, 22-24, 444 A.2d 783, 785 (1982).

this case, supra, petitioner does not challenge the tax, the assessment or the amount of the tax in his petition. In an earlier case, where petitioner attacked neither the tax, the assessment, nor the amount, access to equity was denied because the statutory remedies had not been exhausted. Crowe v. Flynn, 47 Wash. Co. P. 38 (1966).

The sole grounds upon which petitioner apparently seeks to premise his request for equitable relief is that the circumstances leading to his present predicament were not of his own doing and were beyond his power to control. Also, he asserts that allowing the delinquent tax sale to proceed will seriously jeopardize his ability to effectuate the recovery of any damages he may be awarded in a lawsuit soon to be filed.[3]

Our response to this is two-fold. Firstly, our Supreme Court has ruled that the collection of revenues is an important government interest, and where that interest conflicts with private property rights, in an appropriate case the private interest must yield to the government need. Cedarbrook Realty, 484 Pa. at 447, 399 A.2d at 377. Where, as here, petitioner seeks to protect an uncertain interest, one which may not be vindicated, if at all, for many years to come, we are satisfied that this is a proper case for the government need to take priority.

Secondly, we observe that to grant the petitioner the relief he seeks, for the reasons he asserts, would amount to discrimination in the payment of taxes.

---

3. We would note at this juncture that if the lawsuit is filed and of record before the sale of the properties, then the purchaser of the properties at the delinquent tax sale will take "under and subject to the . . . claim . . . for which it may become liable." 72 P.S. §5860.609 as amended June 8, 1984, P.L. 382, §1 (Purdon's Pocket Part 1986).

In Luzerne County Commissioners' Petition, 33 D. & C. 639 (1983), the Court of Common Pleas of Luzerne County was asked to permit an adjournment of a tax sale[4] on the grounds that the sale would cause unnecessary hardship for certain individuals who were in their tax predicament without fault. The court concluded that this would amount to discrimination and therefore that "[t]here can be no legal sanction for such a program. The day must come when delinquent taxes must be collected. . . ." Id. at 640.

Finally, and as a form of summing up points one and two, we reassert a point made by this court in In Re: Delinquent Tax Sale, etc. Bertin Realty Co., Petitioner, no. 120A of 1982, Miscellaneous Division (C.P. Lawrence County, filed December 6, 1982) *rev'd on other grounds* 83 Pa. Commw. 411, 477 A.2d 603 (1984). In that case, where the issue was whether a tax claim could be compromised in the manner sought by petitioner, we observed:

"The taxing system serves the public interest by providing funds which serve the public need with a variety of benefits and all taxpayers share the cost; the design of the system in assuming an organized and continuous participation in the taxing structure is very high. Mandatory uniform participation is indispensable to fiscal vitality. Admittedly, variances in the system can be accomodated [sic] [*see* Tax Sale Law, 72 P.S. §5860.603, Agreement to Stay Sale] . . . [but t]here is . . . a point at which accomodation [sic] could restrict the operation of the government. Thus, it would be difficult, if not

---

4. Under The Act of March 24, 1937, P.L. 111, §1, before the county commissioners could adjourn a tax sale, they had to first petition the court of common pleas of their county.

impossible, to invade the system with myriad exceptions to the [Tax Sale Law]."

Id. at 9. To allow petitioner what he seeks here "would invite chaos into the tax collection system, and would be unjust to those taxpayers who must bear the brunt of the [Tax Sale Law]. . . ." Id.

For all of the reasons expressed in this Opinion, the petitioner's request for a stay of the disposition of the properties listed as Claim numbers 226 and 227 by delinquent tax sale, scheduled for September 30, 1986, at 10:00 a.m., is denied.

## ORDER OF COURT

And now, this September 12, 1986, the petition of Alexander Beshero to stay the sale of properties listed as Claim numbers 226 and 227 by delinquent tax sale, scheduled for September 30, 1986, at 10:00 a.m. is hereby denied in accordance with the provisions of the memorandum opinion appended hereto. Respondent, Lawrence County Tax Claim Bureau, is directed to proceed with the scheduled sale of the pertinent property pursuant to the provisions of the Real Estate Tax Sale Law, the Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§5860.101-5860.803.